**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.:

JORGE MONTEAGUDO ALBURQUERQUE,

    Plaintiff,

vs.

THE DE MOYA GROUP, INC.,
A Florida Profit Corporation,

    Defendant.
_____/

## **COMPLAINT**

COMES NOW, JORGE MONTEAGUDO ALBURQUERQUE, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant THE DE MOYA GROUP, INC., a Florida Profit Corporation (hereinafter, "Defendant"), and states:

### **JURISDICTION AND VENUE**

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII) and the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11.

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. The claims asserted in this Complaint arose in the Southern District of Florida during the course of Plaintiff's employment with Defendant.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Plaintiff was employed by Defendant in Miami, Florida.

1

## **PARTIES**

5. Plaintiff at all times pertinent to this complaint resided within the Southern District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a Hispanic, Cuban male and is a member of a class protected under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act because the terms, conditions, and privileges of his employment were altered because of his race and/or national origin.

7. Defendant is a Florida Profit Corporation organized and existing in Florida with its principal place of business in Miami-Dade County and authorized to do business in Florida. Specifically, Plaintiff worked at Defendant's location in Miami, Florida. All facts which give rise to this complaint occurred in Miami, Florida.

8. Defendant has, at all times material, employed 15 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with Title VII and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted his administrative remedies by filing a timely Charge of Discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission which was dually filed with the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about October 27, 2020. The actions complained of herein occurred no more than 300 days before that date and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was constructively terminated from his position October 7, 2020. His Charge was therefore timely filed.

12. Plaintiff was issued a Notice of Right to Sue on April 27, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation (a copy of the Notice is attached hereto as Exhibit "A").

13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

14. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS

15. Plaintiff was employed by Defendant as a laborer from around 2019 through on or about October 7, 2020.

16. Plaintiff was fully qualified for his position at the time all discriminatory events complained of herein occurred.

17. On or about August of 2020, Plaintiff began working under the direct supervision of Noel Leon (American) (hereinafter "Leon").

18. Several times after the transition in management, Leon made discriminatory and disrespectful comments about Cubans. Leon also often micromanaged Plaintiff and spoke to him in a condescending tone. Mr. Leon did not speak in this manner to non-Cuban employees.

19. In September 2020, Plaintiff complained about the discriminatory treatment to the owner of the company. Plaintiff was then reassigned to a different project under the direct supervision of Manny (LNU) (Cuban American) (hereinafter "Manny").

20. After a few days of being transferred Manny met with Plaintiff and told him he had been contacted by Leon who told him Plaintiff was a "problematic" employee. Plaintiff reassured Manny he was not looking to cause problems and wanted to work.

21. On or about October 2, 2020, Noel's son, Alejandro Leon (white) (hereinafter "Alejandro"), came to the site where Plaintiff was working and physically assaulted him. Plaintiff reported the incident to Manny who assured that he would address the issue, but nothing was done.

22. On or about October 5, 2020, Plaintiff filed a police report for the assault. On Tuesday afternoon, Plaintiff complained to superintendent Jerry (LNU) (white) about the disparate treatment and the fact that nothing has been done.

23. Shortly after Plaintiff's complaint, on or about October 7, 2020, Elena (LNU) human resources representative (hereinafter "Elena") called Plaintiff to advise that Defendant would be conducting an investigation regarding his complaints.

24. That same day, Jerry called a meeting with Plaintiff to advise that he was being written up for sleeping on the job. Jerry advised that if Plaintiff did not sign the write-up, he would be terminated.

25. Plaintiff maintained that the reason for the write up was false and refused to sign. Therefore, Plaintiff was terminated by Defendant on or about October 7, 2020.

26. Plaintiff has retained the undersigned firm to prosecute this action on his behalf and has agreed to pay it a reasonable fee for its services.

27. Plaintiff is entitled to his reasonable attorneys' fees and costs if he is the prevailing party in this action.

28. Defendant is unable to support its claim that Plaintiff had performance issues while employed with Defendant and therefore, its stated reason is pretextual.

29. Further, even if Plaintiff did exhibit poor performance while employed by Defendant, his race, national origin, and/or complaints were motivating factors for Defendant's decision to terminate his employment.

**COUNT I**
**VIOLATION OF THE CIVIL RIGHTS ACT**
**(DISCRIMINATION BASED ON RACE)**

30. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29, of this complaint as if set out in full herein.

31. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of his race to wit, Hispanic.

32. Defendant, by and through its supervisor, subjected Plaintiff to discriminatory treatment. Plaintiff was subjected to verbal and physical harassment and abuse.

33. Defendant's supervisors acted with intentional disregard for Plaintiff's rights as a Hispanic person under Title VII.

34. Defendant's disparate treatment of Plaintiff, including but not limited to Plaintiff's constructive termination from employment, was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he is Hispanic, in violation of the Act.

35. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's race, was a motivating factor in the decision for the adverse employment action(s) he was subjected to.

36. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

37. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Noel, Alejandro, Jerry and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

   **WHEREFORE**, Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

   B. The Court award punitive damages as permitted under the law;

   C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON RACE)

38. Plaintiff re-avers and re-states paragraphs 1–29 above, as though the same were fully re-written herein, and says:

39. Plaintiff is a member of a protected class under the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11, based on his race, Hispanic.

40. Defendant, by and through his supervisors, terminated Plaintiff for alleged sleeping on the job though Plaintiff was never disciplined or warned about such performance issues.

41. Defendant, by and through Noel, Alejandro, and Jerry did not treat Plaintiff the same as other non-Hispanic employees in that Plaintiff was not able to perform the tasks for which he was hired and was subject to discriminatory practices.

42. Even if Plaintiff exhibited poor performance while he was employed, Plaintiff's race (Hispanic) was, at minimum, a motivating factor in Defendant's decision to terminate his employment.

43. Superintendent Jerry at all times relevant to this action, acted on behalf of Defendant and acted within the scope of his duties.

44. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of the FCRA.

45. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under the FCRA. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Noel, Alejandro, Jerry and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

   **WHEREFORE**, Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's

    discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the FCRA;

B. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

### COUNT III
### VIOLATION OF THE CIVIL RIGHTS ACT
### (DISCRIMINATION BASED ON NATIONAL ORIGIN)

46. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29, of this complaint as if set out in full herein.

47. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of his national origin to wit, Cuban.

48. Defendant, by and through its supervisor(s), subjective Plaintiff to discriminatory treatment. Plaintiff was subjected to verbal and physical harassment and abuse.

49. Defendant's supervisors acted with intentional disregard for Plaintiff's rights as a person born in Cuba under Title VII.

50. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's constructive termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he is from Cuba, in violation of the Act.

51. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin was a motivating factor in the decision for the adverse employment action(s) he was subjected to.

52. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Title VII of the Civil Rights Act of 1964, §706(g).

53. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Noel, Alejandro, Jerry and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

**WHEREFORE**, Plaintiff requests that:

    A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Civil Rights Act of 1964, §706(g);

    B. The Court award punitive damages as permitted under the law;

    C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

    D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT IV
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (DISCRIMINATION BASED ON NATIONAL ORIGIN)

54. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29, of this complaint as if set out in full herein.

55. Plaintiff brings this action under Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11 for damages caused by Defendant's unlawful employment practices committed against Plaintiff because Plaintiff was terminated on the basis of his national origin to wit, Cuban.

56. Defendant, by and through its supervisor, subjective Plaintiff to discriminatory treatment. Plaintiff was subjected to verbal and physical harassment and abuse.

57. Defendant's supervisors acted with intentional disregard for Plaintiff's rights as a person from Cuba in violation of the FCRA.

58. Defendant's disparate treatment of Plaintiff including but not limited to Plaintiff's constructive termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of the fact that he is from Cuba, in violation of the Act.

59. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's national origin was a motivating factor in the decision for the adverse employment action(s) he was subjected to.

60. Defendant's supervisors, Jerry, Mr. Leon, and Manny, acted on behalf of Defendant and acted within the scope of their duties.

61. Plaintiff is entitled to such affirmative relief as may be appropriate, including, but not limited to, lost wages, benefits, and compensation for emotional distress, pursuant to the provisions of Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11.

62. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with intentional disregard for his protected rights under Florida Civil Rights Act ("FCRA"), Sections 760.01-760.11. Defendant, by and through their officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Noel, Alejandro, Jerry and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

   **WHEREFORE**, Plaintiff requests that:

   A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act ("FCRA"), Sections 760.01-760.1;

   B. The Court award punitive damages as permitted under the law;

   C. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   D. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## VIOLATION OF THE CIVIL RIGHTS ACT
## (RETALIATION)

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29, of this complaint as if set out in full herein.

64. Plaintiff brings this claim under Title VII of the Civil Rights Act of 1964, §§706(a) and 706(g) for Defendant's retaliatory conduct.

65. Defendant knew of Plaintiff's complaints of discrimination as they were made to both Manny and Jerry around September and then again in October of 2020.

66. Plaintiff's final and/or most recent complaint was made to superintendent Jerry on or about October 2, 2020.

67. Specifically, on or about October 2, 2020, Plaintiff complained to Jerry about the disparate treatment and retaliatory conduct from Mr. Leon and physical assault from Alejandro. A few days later, Plaintiff spoke to Elena from human resources, who advised Plaintiff that there would be an investigation regarding his complaints.

68. Shortly thereafter, Plaintiff was terminated on or about October 7, 2020.

69. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

70. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under Title VII of the Act.

71. Plaintiff alleges that Defendant's actions were done with malice, and with disregard for his protected rights under Title VII of the Civil Rights Act of 1964. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Noel, Alejandro, Jerry and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

72. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

73. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints about disparate treatment were a motivating factor in the decision for the adverse employment action(s).

74. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with Title VII of the Civil Rights Act of 1964.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## COUNT VI
### VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
### (RETALIATION)

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-29, of this complaint as if set out in full herein.

76. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 *et seq.* for Defendant's retaliatory conduct.

77. Defendant knew of Plaintiff's complaints of discrimination as they were made to Manny, Jerry, around September and then again in October of 2020.

78. Plaintiff's final and/or most recent complaint was made to superintendent Jerry on or about October 2, 2020.

79. Specifically, on or about October 2, 2020, Plaintiff complained to Jerry about the disparate treatment and retaliatory conduct from Mr. Leon and physical assault from Alejandro. A few days later, Plaintiff spoke to Elena from human resources, who advised Plaintiff that there would be an investigation regarding his complaints.

80. Shortly thereafter, Plaintiff was terminated on or about October 7, 2020.

81. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

82. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

83. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for his protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Noel, Alejandro, Jerry and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

84. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

85. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's complaints about disparate treatment were a motivating factor in the decision for the adverse employment action(s).

86. Plaintiff further seeks his attorney's fees and costs as permitted by law.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to his professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

**SPACE LEFT INTENTIONALLY BLANK**

## DEMAND FOR JURY TRIAL

Plaintiff JORGE MONTEAGUDO ALBURQUERQUE demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: July 26, 2022

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive
Suite 290
Miami FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: /s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com


By: /s/ *Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com