UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:22-cv-22343-KMM Moore/Louis

JORGE MONTEAGUDO ALBURQUERQUE,

    Plaintiff,

v.

THE DE MOYA GROUP, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DFENDANT'S STATEMENT OF UNDISPUTED FACTS AND INCORPORATED STATEMENT OF UNDISPUTED FACTS**

Plaintiff, JORGE MONTEAGUDO ALBURQUERQUE ("Plaintiff" or "Mr. Monteagudo"), by and through his undersigned counsel, hereby responds to Defendant's Statement of Material Facts [ECF No. 44], and incorporates his own statement of material facts herein pursuant to Fed. R. Civ. P. 56. In support of his Response, Plaintiff states as follows:

1. Disputed. Plaintiff disputes the facts in Paragraph 1 as presented by Defendant. First, the excerpt cited by Defendant was outside of the scope of the cross-examination of the witness. ECF No. 50-8 at p. 68-69, Ex. 8 at 67:22-68:1. Furthermore, there is no statement by Defendant's Corporate Representative in the cited portion of the transcript that supports this statement De Moya family originated from Cuba. Id. at p. 68 at 67:18-21. Furthermore, De Moya stated: "A Yes and no. We are not kind of structured that way. We kind of all have our hand in everything a little bit." [ECF No. 50-3 p. 14, Ex. 3 at 13:11-16. Moreover, De Moya testified that project managers reported to him **and** his brother. Id. at 16-17, Id. at 15:14-16:6][emphasis added].

2. Disputed. Plaintiff disputes the facts in Paragraph 2. This is a blatant mischaracterization of the cited testimony. Contrary to the Defendant's representation De Moya testified that De Moya Group is its own separate entity that does joint work together with other companies such as

Asphalt Group as well as other subcontractors. ECF No. 50-3 at p. 12; Ex. 3 De Moya Tr. at 11:21-13:10.

3. Disputed. Plaintiff disputes the facts contained in Paragraph 3 and asserts they should be stricken as the deposition testimony dated October 19, 2022, is inadmissible evidence that the Court should not consider.

4. Disputed. Plaintiff does not dispute that Defendant had no discrimination policy. Plaintiff disputes the remaining facts contained in Paragraph 4 and contends that at best it is a blatant misrepresentation of the cited testimony. De Moya had no actual information or personal knowledge of any facts concerning Defendant's no discrimination policy. See ECF No. 50-3 at p. 20-22, Ex. 3, De Moya Tr. at 19:8-21:20, compared to ECF No. 8 at p. 24; Ex. 8 Corp. Rep. Tr. at 23:13-28:17.

5. Disputed. Plaintiff disputes the facts contained in Paragraph 5 as the listed citations do not conclusively identify what period of time this refers to, which employees, what policies and how the fact is material. Plaintiff was not provided with the safety policies until August 19, 2020, which were reviewed by Noel Leon. See ECF No. 50-23, Ex. 23.

6. Disputed. Plaintiff disputes the facts contained in Paragraph 6. Plaintiff was not provided with the safety policies until August 19, 2020, which were reviewed by Noel Leon. See ECF No. 50-23, Ex. 23.

7. Disputed. Plaintiff disputes the facts contained in Paragraph 7 and asserts they should be stricken to the extend they are based on the deposition testimony dated October 19, 2022 which is inadmissible evidence that the Court should not consider. Plaintiff further disputes with the characterization of the Nov. 17, 2022, as a continuance. Plaintiff further disputes the footnote associated with this paragraph as the same is a misrepresentation of the events. See ECF No. 50-12 Exhibit 12, ECF No. 50-26 Exhibit 26, and ECF No. 50-49 Exhibit 49.

8. Disputed. Plaintiff disputes the facts contained in Paragraph 8. Plaintiff was hired on August 14, 2019 to work under the supervision of Noel Leon. See ECF No. 50-21, p.1; Ex. 21.  As to the remainder of Paragraph, some of the substance is accurate but the tenor is misleading. When Plaintiff was hired by Defendant to assist in the completion of the finish grader work and other tasks to complete the work. See ECF No. 50-2 p. 26:11-25; Ex. 1, Pl. Dep. Tr. at 25:11-25.

9. Disputed. Plaintiff does not dispute the first sentence of Paragraph 9. Plaintiff does dispute the remainder of Paragraph 9. The evidence establishes that Plaintiff worked under Leon's supervision for over a year. Plaintiff was hired on August 14, 2019. [See ECF No. 50-21, p.1; Ex. 21] Plaintiff worked under De Loen's supervision from the date of hire until September 14, 2020, when Plaintiff complained about De Leon's treatment towards him and requested a transfer.[ECF No. 50-28]. At the beginning of his employment Leon inquired about what part of Cuba Plaintiff was from and how long he had been in the United States. ECF No. 50-5 at p. 80, Exhibit  5 at p. 79:1-7, After this conversation, Leon made comments referring to Plaintiff stating "Cubans are Lazy" and his demeanor was as if he was better than Plaintiff. ECF No. 50-48 at p. 2, Ex. 48 at ¶5.

10. Plaintiff does not dispute the first sentence of Paragraph 10. Plaintiff does dispute the remainder of Paragraph 10 and asserts they should be stricken to the extent that they are only supported by inadmissible evidence. Furthermore, the substance of Plaintiff's complaints is very much in dispute. Plaintiff testified numerous times that he complained of discrimination. Ex. 2 at 16:7:9; 18:8-14. Plaintiff advised De Moya of the disparate treatment that he was being subjected to and gave him examples of the same.  ECF No. 51-48 at p. 2, Ex. 48 at ¶5.

11. Undisputed. Plaintiff does not dispute the facts contained in Paragraph 11.

12. Disputed. Plaintiff disputes the facts contained in Paragraph 12  and asserts they should be stricken to the extend they are based on the deposition testimony dated October 19, 2022 which is

inadmissible evidence that the Court should not consider. Plaintiff further disputes the characterization of the Nov. 17, 2022 as a continuance.

13. Disputed. Plaintiff disputes the facts contained in Paragraph 13 and asserts they should be stricken to the extend they referenced the deposition testimony dated October 19, 2020, which is inadmissible evidence that the Court should not consider. Plaintiff does not dispute that was his testimony during his November 17, 2020, however Plaintiff further disputes with the mischaracterization of his testimony as Plaintiff adding to his testimony. Plaintiff advised De Moya of the disparate treatment that he was being subjected to and gave him examples of the same. ECF No. 51-48 at p. 2, Ex. 48 at ¶5.

14. Disputed. Plaintiff disputes the facts contained in Paragraph 14 and asserts the references to Plaintiff's deposition on October 19, 2022, are inadmissible evidence that the Court should not consider. Plaintiff does not dispute that the cited testimony in the first sentence was his testimony during his November 17, 2022. however, Plaintiff disputes the representation that he revised his testimony. Notwithstanding Defendant's representation, Counsel's questions were different on each deposition. Compare ECF No. 50-1 at p. 13, Ex. 1 12:17-21. And ECF No. 50-2, Ex. 2 at 16:4-9. Plaintiff advised De Moya of the disparate treatment that he was being subjected to and gave him examples of the same. ECF No. 51-48 at p. 2, Ex. 48 at ¶5.

15. Disputed. Plaintiff does not dispute the first two sentences of Paragraph 15. Plaintiff disputes the remainder of the allegations. During his deposition Leon conceded that he holds a maintenance license for which he has to attend a course and take an exam in English. ECF No. 50-5 at p. 26-27, Ex. 5 Leon Tr. at 25:18-26:19. During his employment, Leon was responsible to complete forms and explain documents to employees which were in English and he interpreted to Spanish for employees including Plaintiff when necessary. See id. at 48:9-49:5; 51:14-52:9. During his deposition, Leon he also conceded that he prepared a summary related to this litigation upon the Defendant's request that is in English. Id. at 73:14-74:14.

16. Disputed. Plaintiff disputes the "facts" alleged in this paragraph. This paragraph is patently false for several reasons. First, while it might be true that De Moya and Giraldo testified in this manner, the events of their meeting with Plaintiff is very much in dispute as it relates to the content of their conversation. First, De Moya admitted to not being able to recall specifically what was said during this meeting. ECF No. 50-8 at p. 35, Ex. 8 Corp. Rep. Tr. 34:18-23. Similarly, Giraldo conceded that she does not remember everything about that day, she couldn't remember everything that was said by Plaintiff. see e.g. ECF No. 50-11 at 38, Ex. 11 Giraldo Tr. 37:23-39:8; 55:19-56:23; 57:9-19. Furthermore, during his deposition in his individual capacity, De Moya conceded that he although he speaks Spanish, he is self-taught and if someone is speaking fast or loudly he can lose track. ECF No. 50-3, Ex. 3 De Moya Tr. at 35:18-25. In his capacity as a corporate representative Mr. De Moya stated that during his meeting with Plaintiff, Plaintiff was speaking Spanish. ECF No 50-8 at 34, Ex. 8 Corp. Rep. Tr. 33:15-16; He stated that at the time Plaintiff was speaking fast which affected his ability to understand what he was saying. Id. at 37:2-12. Further there is contradictions between the testimony of both witnesses. De Moya stated that he asked Giraldo to "just be present" in case he did not understand something Plaintiff said, and she only translated "a little bit". De Moya Tr. at 35:18-36:2. While Giraldo stated that De Moya asked her to translate for him since he was not fluent in Spanish. Ex. 11 Giraldo Tr. at 45:9-17. The second sentence of this paragraph is a blatant mischaracterization of the cited testimony. The cited testimony is in response of how long the conversation lasted, that Mr. Monteagudo requested a transfer because he felt disrespected. Id. at 55:21-56:8. Contrary to the Defendant's represented "fact" Giraldo never stated that it seemed that Leon and Plaintiff did not get along. Rather, she stated several times that what she remembered from this interaction was that Plaintiff felt disrespected, belittled and spoken rudely to. Id. at 37:18-38-7; 39:3-23 45:1-12. As to the last sentence, Plaintiff also asserts that the characterization given to the De Moya citations is limited at best and does not accurately portray his actual testimony. De Moya stated several times that he

did not remember exactly what was discussed. ECF No. 50-8 at 35, Ex. 8 Corp. Rep. Tr. 34:18-23. Furthermore, Plaintiff asserts that while he as a layperson may not have included certain "magic" words, the content of the entire conversation was in fact a description of the disparate treatment and hostile work environment because of Leon. See ECF No. 50-2 at 17, Ex. 2 Pl. Tr. at 16:7-9 .

17. Disputed. While Plaintiff concedes he was emotional at the time of the meeting he was never aggressive. Giraldo testified that while Plaintiff seemed agitated, upset and his tone was louder at times, but he was not screaming nor was he rude to her. ECF No. 50-11 at 44, Ex. 11 Giraldo Tr. 43:2-24. De Moya told Plaintiff he will speak to Leon and other supervisors and to transfer him. Ex. 8 at 36:2, 38:14. De Moya spoke to Leon and told him that he will be transferring Plaintiff to Victor Suarez. He also spoke to Suarez and advise him of the situation. Furthermore, the record reflects that Plaintiff was transferred on September 14, 2020, the same day of his complaint. See ECF No. 28, Ex. 28. De Moya admitted he has only transferred an employee upon request a couple of times. ECF No. 50-8 at 39, Ex. 8 38:7-13.

18. Disputed. While Plaintiff concedes he was emotional at the time of the meeting he was never aggressive. Giraldo testified that while Plaintiff seemed agitated, upset and his tone was louder at times, but he was not screaming nor was he rude to her. ECF no. 50-11 at 44, Ex. 11 Giraldo Tr. 43:2-24.

19. Disputed. This paragraph is patently false. The "facts" in this paragraph are entirely hearsay as the declarant did not actually observe any of them first hand. Furthermore, the dates, substance and sequence of events are very much in dispute as they relate to the alleged issued discipline. Aside from the paperwork related to Plaintiff's termination, Defendant only produced three disciplinary reports that were issued to Plaintiff during his entire employment. Two of which were issued after Plaintiff's complaint and Plaintiff contends, he never received. See ECF No. 50-26, Ex. 26; ECF No. 50-29, ECF No. 50-30. Furthermore, Mr. Francisco Baldelomar who was the

foreman who worked closely with Plaintiff testified that Plaintiff did his job well. ECF No. 50-7 at 11, Ex. 7 Baldelomar Tr. at 10:311:11; 15:11-19.

20. Disputed. Some of "the "facts" in this paragraph are entirely hearsay as the declarant did not actually observe any of them firsthand.

21. Disputed. Disputed. Plaintiff disputes the statements in this paragraph. Plaintiff contends the events that are described never took place. Pl. Tr. at 36:11-17.

22. Disputed. As to the First sentence of Paragraph 22, Plaintiff contends that Leon's testimony is not supported by the record evidence.  As to the remainder facts Plaintiff contends that the write up had no basis. It was determined that the operator was responsible for the incident. See ECF 50-40 at p. 1, Ex. 40 at p. 1.

23. Disputed. Plaintiff disputes the facts contained in Paragraph 23. The Defendant's citation does not offer any proof that Plaintiff made the alleged statement about anyone and constitutes double hearsay.

24. Disputed. Plaintiff disputes the facts on Paragraph 24 as some of the substance is accurate, but the tenor is misleading. Plaintiff does not dispute that after his complaint about Leon on September 14, 2020, he was transferred. However, the characterization that he was transferred to "see if it worked out better" is misleading to the extend that it implies Plaintiff was the issue. De Moya spoke to Suarez about transferring Plaintiff and Suarez advised all of his supervisors that Plaintiff was going to be transferred and of the circumstances for the same. ECF No. 50-10 at p 24, Ex. 10 23:3-13.

25. Undisputed. Plaintiff does not dispute the facts contained in Paragraph 25.

26. Disputed. Plaintiff disputes the facts contained in Paragraph 26, some of the substance is accurate but the tenor is misleading. Plaintiff testified that he was hired for the finish grader position. ECF No 50-2 at p 30, Ex. 2 Pl. Tr. at 29:2-9.  His job consisted in operating the roller over the designated area after the grader completed the area and the person on the ground had cleared the

area. Id, Upon his transfer, Comes assigned him to work on the ground clearing the area after the motor g while they had other employees with no experience doing the work that he knew how to do. ECF No. 50-2, Ex. 2, Pl. Tr. at 23:5-11. Comes also had a conversation with Plaintiff and told him he had been warned about him being problematic. Id. at 22:12-22.

27. Disputed. Defendant's policy instructs that employees take breaks and not be on the sun all day. ECF 50-47, Ex. 47.  Comes conceded that as a supervisor he had a big responsibility and was running around the jobsite and could not see everyone all the time. ECF 50-6, Ex. 6 Comes Tr. 47:5-18. He further conceded that the alleged performance issues wouldn't be everyday and he would have perfect days. Id. 46:23-47:5. He also conceded that he had weeks that he did not have any issues with Plaintiff and the work was getting done. Id. 50:4-10; 52:4:10.

28. Disputed. As stated above Comes conceded that as a supervisor he had a big responsibility and was running around the jobsite and could not see everyone all the time. Id. 47:5-18. He further conceded that the alleged performance issues wouldn't be every day and he would have perfect days. Id. 46:23-47:5. He also conceded that he had weeks that he did not have any issues with Plaintiff and the work was getting done. Comes 50:4-10; 52:4:10. The remainder of the "facts" in this paragraph are entirely hearsay as the declarant did not actually observe any of them first hand.

29. Disputed. Plaintiff worked under Comes supervision for a less than 4 weeks. Comes testified the issues with plaintiff were "sporadic" and there were weeks where he was "the perfect employee". Id. 50:4-10; 52:4:10.

30. Disputed. Plaintiff disputes that the situation that this write up alleges ever occurred Furthermore, Plaintiff contends that he never refused to sign the write up as this write up was never presented to him. ECF No. 50-2 at p. 35, Ex. 2  Pl. Tr. at 34:22-35:9.

31. Disputed. Plaintiff disputes that the situation that this write up alleges ever occurred Furthermore, Plaintiff contends that he never refused to sign the write up as this write up was never presented to him. Id. at 36:11-17,

32. Disputed. Plaintiff contends that this situation never happened. Pl. Tr. at 36:11--17. Furthermore, Nasso has given substantial conflicting testimony as to what occurred the day of the alleged violation which directly contradicted what was described in the termination paperwork that he prepared. Nasso Tr. 55:5 – 58:16.

33. Undisputed.

34. Disputed. Plaintiff disputes the facts in this paragraph and contends that on that day Nasso asked him to work in area on "Ramp J" in the afternoon not the morning. ECF 50-48 at 2, Ex. 48 Pl. Dec. at ¶7-10. Plaintiff did as he was instructed but reminded Nasso he needed to leave at 4:00 PM that day. Id. For the remainder of the afternoon Nasso was in the same area as Plaintiff. Id. At 4:00 PM Plaintiff had completed the assignment. Id.  After he left work for the day, Plaintiff went to the office and spoke to Jose (LNU) regarding the incident that occurred with Alejandro Leon. Id.

35. Disputed. Plaintiff disputes the facts in this paragraph as there is conflicting testimony of the events alleged by Defendant. ECF No. 50-9 at 56, Ex. 9 Nasso Tr. 55:5 – 58:16. Further, Plaintiff contends that on that day Nasso asked him to work in area on "Ramp J" in the afternoon not the morning. ECF 50-48 at 2, Ex. 48 Pl. Dec. at ¶7-10. Plaintiff did as he was instructed but reminded Nasso he needed to leave at 4:00 PM that day. Id. For the remainder of the afternoon Nasso was in the same area as Plaintiff. Id.  At 4:00 PM Plaintiff had completed the assignment and left for the day after he let Nasso know he was leaving. Id.

36. Disputed. Plaintiff disputes the facts in this paragraph as stated in Paragraph 34. Furthermore, Nasso has given substantial conflicting testimony as to what occurred the day of the alleged

violation and which directly contradicted what was described in the termination paperwork that he prepared. ECF No. 50-9 at 56, Ex. 9 Nasso Tr. 55:5 – 58:16.

37. Disputed. Plaintiff disputes the statements in this paragraph. First as stated above Plaintiff contends the events that are described never took place. ECF No. 50-2 at 37, Ex. 2 Pl. Tr. at 36:11--17. Furthermore, there is evidence that conflicts with this alleged fact. ECF No. 50-32, Exhibit 32 p. 2, clearly states that the Roller was not running at the time. Ex. 32 at p. 3. As conceded by De Moya no safety violation could have occurred as there is no risk of accident if the roller is not on. ECF 50-3 at 68, Ex. 3 De Moya Tr. at 67:7-68:11.

38. Disputed. Plaintiff does not dispute that he was terminated on October 7, 2020 but disputes the facts as stated of the events that led to his termination. Plaintiff contends that morning, Plaintiff went to ramp J with Quiroz to get the equipment. Pl. Dec. at ¶. While they were there, Nasso arrived in his truck an approached Plaintiff with a blank form and asked him to sign it. Id. Plaintiff refused. Id. Nasso told Plaintiff he was terminated. Id.

39. Disputed. Plaintiff disputes the statements in this paragraph. First as stated above Plaintiff contends the events that are described never took place. Pl. Tr. at 36:11-17. Plaintiff contends that on the morning of October 7, 2020, Plaintiff went to ramp J with Quiroz to get the equipment. ECF 50-48 at 2, Ex. 48 Pl. Dec. at ¶7-10. While they were there, Nasso arrived in his truck an approached Plaintiff with a blank form and asked him to sign it. Id. Plaintiff refused. Id. Nasso told Plaintiff he was terminated. Id.

40. Disputed. Plaintiff does not dispute the first sentence of paragraph 40. However, Plaintiff disputes that the events alleged in the disciplinary report and stated in this paragraph ever took place. ECF No. 50-2 at p. 37, Ex. 2 Pl. Tr. at 36:11-17. Plaintiff also contends that it is also a blatant mischaracterization of the cited testimony.

41. Disputed. Plaintiff disputes that the events alleged in the disciplinary report and stated in this paragraph ever took place. Id. at 36:11-17.

42. Disputed.  This Paragraph is a misrepresentation of Nasso's testimony. Furthermore, Cardona testified that Suarez advised all supervisors of Plaintiff's transfer and the reasons thereof. ECF No. 50-10 at p 24, Ex. 10 23:3-13. In addition, the phone records for Nasso, Cardona, and Comes and Leon reflect constant communication. See ECF No. 50-15, ECF No. 50-16, ECF No. 50-17 and ECF No. 50-46.

43. Disputed. The facts are highly disputed. The testimony of the witnesses is full of contradictions as to when this statement was prepared and the reasons thereof. During Cardona's deposition, when confronted with the inconsistencies, he stated he did not remember. See Id. at 24:13-37:17.

**PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

44. On October 2, 2020, Plaintiff was confronted by Alejandro Leon while at work. 50-2 at p. 36 Ex. 2 at 35:14-25. Alejandro Leon approached Plaintiff, struck him in his chest twice and stated that if anything happened to his father, he would disappear Plaintiff. ECF No. 50-36 at p. 4, Ex. 36 at p. 4. Plaintiff told Manny of what happened but never received a response. filed a police report.

Dated: April 3, 2023          Respectfully submitted,

/s/ Nathaly Saavedra
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 3, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.

**<u>SERVICE LIST</u>**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case No. 1:22-cv-22343-KMM Moore/Louis

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: <u>nathaly@peregonza.com</u>
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: <u>juan@peregonza.com</u>
P. Brooks, LaRou, Esq.
Fla. Bar No. 1039018
Email: brooks@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290,
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

Attorneys for Plaintiff


Reginald J. Clyne, Esq.
Florida Bar No. 654302
reginald.clyne@qpwblaw.com
Chanelle Artiles, Esq.
Florida Bar No. 10006402
chanelle.artiles@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd., 4th Floor
Miami, Florida 33156
Telephone: 305-670-1101

Attorneys for Defendant


Method of Service: CM/ECF notice