UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22343-KMM

JORGE MENTEAGUDO ALBURQUERQUE,

    Plaintiff,

v.

THE DE MOYA GROUP, INC.,
A Florida Profit Corporation

    Defendant.

_____/

# ORDER

THIS CAUSE came before the Court upon Plaintiff Jorge Menteagudo Alburquerque's ("Plaintiff") Motion in *Limine*. ("Mot.") (ECF No. 42.) Defendant The De Moya Group ("Defendant") filed a response in opposition, ("Resp") (ECF No. 48), and Plaintiff filed a reply. ("Reply") (ECF No. 53). The Motion is now ripe for review.

**I.   BACKGROUND**

Plaintiff filed this Amended Complaint, ("Am. Compl.") (ECF No. 13), against Defendant, Plaintiff's former employer, alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII") and the Florida Civil Rights Act ("FCRA"). *See generally* Am. Compl.

As relevant to the instant Motion, Plaintiff filed charges of discrimination with the Miami-Dade County Commission on Human Rights ("CHR"). Mot. at 5. On or about December 1, 2021, the CHR issued a statement of determination of no probable cause ("Statement of Determination"). *Id*. Now, Plaintiff moves in *limine* to exclude the Statement of Determination. *See generally id*.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence in *limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (citation omitted). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id*. (citation omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Palmetto 241 LLC v. Scottsdale Ins. Co.*, No. 19-cv-22195, 2020 WL 2736646, at *1 (S.D. Fla. May 26, 2020) (cleaned up).

## III. DISCUSSION

Here, Plaintiff argues the Statement of Determination should be excluded because its probative value is substantially outweighed by the danger of undue prejudice. Mot. at 5. Specifically, "Plaintiff contends that a jury may find it hard, if not impossible, to independently evaluate the evidence presented by the parties after being informed that the [Commission] has already investigated the claim and determined that reasonable cause does or does not exist to believe that unlawful discrimination has occurred." *Id*. Plaintiff argues the Statement of Determination is conclusory because no explanation is provided as to what materials were considered in reaching its conclusion. *Id*. at 6.

In the Eleventh Circuit, letters of determination are *prima facie* admissible under the exception to the hearsay rule that permits "in a civil case ... factual findings from a legally authorized investigation." Fed. R. Evid. 803(8)(A)(iii) (formerly Fed. R. Evid. 803(8)); *Barfield v. Orange Cnty.*, 911 F.2d 644, 649 (11th Cir. 1990). It is well-established that EEOC determinations are admissible in bench trials, but the same liberal standard of admissibility does

2

not extend to jury trials. *Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995).

The Eleventh Circuit has held that "[b]ecause the decision whether to admit such reports involves so many variables, we think it best to leave the decision in the sound discretion of the district court." *Barfield*, 911 F.2d at 650. Accordingly, the Eleventh Circuit has instructed trial courts to examine agency letters on a case-by-case basis and consider whether the letters contain legal conclusions, raise questions of trustworthiness or present problems under Rule 403. *Id*. Rule 403 permits trial courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

In *Barfield*, the Eleventh Circuit held that an EEOC report determining that there was no reasonable cause to believe that employment discrimination allegations were true was admissible under the public records exception to the hearsay rule in a jury trial where the plaintiff offered no evidence that the EEOC materials would suffer from any defects in trustworthiness. 911 F.2d at 650. Similarly, in *Goldsmith v. Bagby Elevator Co., Inc.*, the Eleventh Circuit found no abuse of discretion in the district court's admission of an EEOC determination letter at trial where the trial judge explained what an EEOC determination was and instructed the jury to guard against the improper use of the evidence, holding that, "in the light of this instruction, we cannot conclude that the district court abused its discretion when it admitted the EEOC determination." 513 F.3d 1261, 1288–89 (11th Cir. 2008).

The Statement of Determination at issue in this case includes a detailed summary of the claims alleged, as well as the Plaintiff's and Defendant's stated positions on the issues. The Statement of Determination includes a thorough description of the materials the CHR considered in making its findings, including, for example, the New Hire Orientation package signed by

Defendant, written statements, Workplace Incident Reports, and statements from other employees of Defendant. The agency not only identifies the evidence it considered in making its determination, but also directly quotes and explains the evidence.

In conducting a Rule 403 analysis, this Court recognizes that the Eleventh Circuit has stated—and reiterated—that agency reports are "highly probative." *Smith v. Universal Services, Inc.*, 454 F.2d 154 (5th Cir. 1972); *Barfield*, 911 at 644. While "highly probative," this Court must still determine whether the probative value of the agency report at issue is substantially outweighed by one of the "dangers" enumerated in Rule 403. Weighing the probative value of the subject documents against the danger of unfair prejudice, the Court finds that Plaintiff has failed to establish a reasonable basis upon which to conclude that the administrative agencies' findings and conclusions are untrustworthy or that its probative value is outweighed by undue prejudice or the danger of confusion by the jury.

However, the Court finds that the CHR's analysis of the Disparate Treatment Claim, which is no longer at issue in this case, is not relevant to Plaintiff's claim of retaliation. Accordingly, the Disparate Treatment Claim analysis shall be redacted from the Statement of Determination.

Finally, the Court notes that Plaintiff's position that admission of these agencies' findings and determinations may result in undue prejudice or risk of confusion may be alleviated by the Court instructing the jury as to how it should consider the agencies determination in deciding the issues in this case.

## IV.  CONCLUSION

UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion in *Limine* (ECF No. 42) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this  1st   day of May, 2023.

                                                             K. MICHAEL MOORE
                                                             UNITED STATES DISTRICT JUDGE

c:  All counsel of record