**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:22-cv-22343-KMM

JORGE MONTEAGUDO ALBURQUERQUE,

    Plaintiff,

v.

THE DE MOYA GROUP, INC.,

    Defendant.
_____/

## INTERIM ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

**THIS CAUSE** is before the Court following the May 9, 2023 evidentiary hearing on Defendant The De Moya Group, Inc.'s Motion for Sanctions under Rule 11 of the Federal Rules of Civil Procedure (the "Rule 11 Motion"). (ECF No. 58). The matter has been referred to the undersigned by the Honorable K. Michael Moore, United States District Court Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion. (ECF No. 59). The matter was set for an evidentiary hearing, to resolve any factual disputes based on the assertion in Defendant's Rule 11 Motion that Plaintiff lacked a good faith evidentiary basis to assert his claims in this case.

On May 9, 2023, the undersigned convened the evidentiary hearing, where Defendant agreed that its Rule 11 Motion challenged the legal sufficiency of the allegations asserted in the Amended Complaint to establish the cause of actions here raised—that is, that Plaintiff and his counsel lacked a good faith basis to believe that the law in the Eleventh Circuit recognized a cause

1

of action for Plaintiff's claims as asserted. Consistent with *Almeida v. Bennet Auto Supply, Inc.*, 335 F.R.D. 463 (S.D. Fla. 2020), both Parties agreed at the hearing that the present Motion should not be decided before Defendant's pending Motion for Final Summary Judgment (ECF No. 45) is decided, and that any recommendation on Defendant's Rule 11 Motion should be entered at the end of the litigation.

Notwithstanding, Defendant's counsel presented testimony from Alisa De Moya regarding the scope of the investigation undertaken by Plaintiff and his counsel and regarding information adduced during the U.S. Equal Employment Opportunity Commission charge stage pre-suit. This evidence shall be considered later in connection with Defendant's Rule 11 Motion, following disposition of Defendant's summary judgment motion, without the need to recall Ms. De Moya as a witness.

Accordingly, Defendant's Rule 11 Motion (ECF No. 58) is **HELD IN ABEYANCE** pending disposition of Defendant's pending summary judgment motion, at which point the Court may convene a telephonic status conference at the end of this case to evaluate the need for the further presentation of evidence at that time.

**DONE AND ORDERED** in open court at Miami, Florida, on this 9th day of May, 2023.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable K. Michael Moore
      Counsel of record