**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.: 22-cv-22343

JORGE MONTEAGUDO ALBURQUERQUE

      Plaintiff,
v.

THE DE MOYA GROUP, INC.,
a Florida Profit Corporation,

      Defendant.
_____/

**THE DE MOYA GROUP INC.'S MOTION TO TAX COSTS AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to 28 U.S.C. § 1920, Southern District of Florida Local Rule 7.3(c), and Rule 54(d) of the Federal Rules of Civil Procedure, Defendant, The De Moya Group Inc., ("De Moya"), respectfully moves the Court for an order awarding costs against Plaintiff, Jorge Monteagudo Alburquerque, and for interest under 28 U.S.C. § 1961.

**Introduction**

As the prevailing party in Plaintiff's frivolous action alleging De Moya violated Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760, *et seq*. De Moya is entitled to costs associated with this litigation in accordance with Rule 54(d)(1). This Court granted De Moya's motion for summary judgment on May 16, 2023. [ECF No. 87]. Subsequently, Plaintiff filed a motion to alter judgment pursuant to Fed. R. Civ. P. 59 [ECF No. 94] on June 13, 2023, which the Court construed as a motion for reconsideration. On June 28, 2023, this Court entered an order tolling the deadline to seek fees under Local Rule 7.3 pending the disposition of Plaintiff's motion for reconsideration, and De Moya's rule 11 motion. *See* [ECF No. 98]. On August 25, 2023, this Court entered an order [ECF No. 100], denying

Plaintiff's motion for reconsideration. As the prevailing party on all claims, De Moya requests the Court enter an order taxing costs against Plaintiff, and awarding interest on any monetary judgments in favor of De Moya since the Court granted summary judgment on May 16, 2023.

## MEMORANDUM OF LAW

**1. De Moya's Entitlement to Costs Under Rule 54(d) and 42 U.S.C. § 1920**

The Court entered summary judgment in favor of De Moya and against Plaintiff, therefore, De Moya is undisputedly the prevailing party in this action and is entitled to an award of costs under Rule 54(d) and § 1920. Fed. R. Civ. P. 54(d)(1); *Hemingway Villa Condo. Owners Ass'n v. Scottsdale Ins. Co.*, No. 1:20-cv-24365-KMM, 2021 U.S. Dist. LEXIS 225138, at *2 (S.D. Fla. Nov. 22, 2021); *Williams v. FAU Bd. of Trs.*, No. 15-CV-60621, 2018 U.S. Dist. LEXIS 137273, at *4-5 (S.D. Fla. Aug. 13, 2018). Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . . should be awarded to the prevailing party." This establishes a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the losing party has the burden to overcome. *Campbell v. Humphries*, 353 F. App'x 334, 337 (11th Cir. 2009) (citing *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007)). Under 28 U.S.C. § 1920, a district court may tax the following as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In support of the costs sought, enclosed herein is De Moya's Form AO 133 (Bill of Costs) [Ex. 1],

2

an itemized list of the costs [Ex. 2], and excerpts of the legal invoices reflecting the costs disbursed up to July 2023 [Ex. 3].

De Moya's Rule 11 motion is still pending disposition and costs are still being incurred due to ongoing proceedings. Furthermore, it is anticipated that De Moya will continue incurring costs associated with this litigation due to Plaintiff's appeal of the orders entered by the Court on De Moya's motion for summary judgment, and Plaintiff's motion for reconsideration. *See* [ECF No. 113]. Accordingly, De Moya requests that the Court allow De Moya's bill of costs to be supplemented with any additional costs incurred in this action until all pending matters are ruled upon, including the appeal in the likely event that De Moya prevails there as well.

**2. Taxable Items of Costs**

Pursuant to 28 U.S.C. § 1920 and Local Rule 7.3(b), De Moya seeks the following costs for court reporter and transcript and interpreter fees:

**a. Transcript Costs**

De Moya has incurred $4,925.00 in awardable costs for court reporter and transcript fees from the inception of this case through the last invoice issued. Court reporter and transcript fees are taxable under 28 U.S.C. § 1920(2) if they were "necessarily obtained for use in the case." *See United States EEOC v. W&O Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000); *see also Sloan v. Miami-Dade Cty.*, No. 1:18-CV-21517, 2020 U.S. Dist. LEXIS 13050, at *7 (S.D. Fla. Jan. 24, 2020) ("Transcript fees are recoverable under the plain language of 28 U.S.C. § 1920(2), and courts have found that court reporter fees are also recoverable under the statute."); *Williams*, 2018 U.S. Dist. LEXIS 137273, at *7 (recommending deposition transcript fees be included in award for costs). The court reporter and transcript fees were incurred in association with the depositions of Elena Valdes, Manuel Comes, Noel Leon, Susan Giraldo, Francisco Baldelomar, Jerome Nasso,

3

Christopher De Moya, and Carlos Cardona, and for the first evidentiary hearing [ECF No. 80] on De Moya's Rule 11 motion held on May 9, 2023. It is evident from the extensive motion practice and contentious nature of this case that maintaining a proper record of all hearings in this case is reasonably necessary, making the costs for the hearing transcripts recoverable. *See Gustave v. Sbe Ent Holdings, LLC*, No. 19-23961-Civ-SCOLA/TORRES, 2021 U.S. Dist. LEXIS 173711, at *10 (S.D. Fla. Sep. 10, 2021) (citing *Zokaites v. 3236 NE 5th St., Inc.*, Slip Copy, 2008 U.S. Dist. LEXIS 88408, 2008 WL 4792451, *4-5 (S.D. Fla. Oct. 31, 2008)).

b. **Interpreter Costs**

De Moya seeks $600 in costs for interpreter services pursuant to § 1920(6). The Plaintiff does not speak English and an interpreter was required for his depositions to translate from Spanish to English. *See MKT Reps S.A. De C.V. v. Standard Chtd. Bank Int'l (Am.) Ltd.*, No. 10-22963-CIV-O'SULLIVAN, 2013 U.S. Dist. LEXIS 46131, at *11 (S.D. Fla. Mar. 28, 2013) (recognizing § 1920(6) allows for the award of costs for live interpreters).

3. **Interest**

Pursuant to 28 U.S.C. 1961, De Moya seeks interest accruing from the date the Court granted summary judgment in favor of De Moya on May 16, 2023, on any monetary judgment entered in this case. Eleventh Circuit precedent has firmly established that when a district court awards fees or taxes costs against a losing party, "the award bears interest from the date of the original judgment." *See BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) (holding interest should be recovered on sanctions award and taxable costs); 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

## **CONCLUSION**

Pursuant to Rule 54(d), Local Rule 7.3(c), and 28 U.S.C. § 1920, De Moya respectfully requests that the Court enter an order directing the Clerk of Court to tax costs against the Plaintiff as set forth in the attached Bill of Costs and supporting documentation. In addition, De Moya requests that the Court order stating De Moya may supplement this motion with any additional taxable costs incurred in this action and awarding post-judgment interest accruing as of May 16, 2023 at the statutory rate on all monetary judgments De Moya recovers in this case.

## **LOCAL RULE 7.3 CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that in compliance with Local Rules 7.1 and 7.3, counsel for De Moya conferred with Plaintiff's counsel on September 21, 2023, in a good faith effort to resolve the matters raised in this motion. The costs sought herein were included in the invoices enclosed with the draft of a motion for attorneys' fees served on Plaintiff's counsel pursuant to Rule 7.3(b) The undersigned also emailed Plaintiff's counsel on September 25, 2023, to follow up on the issue of costs prior to filing this motion. Plaintiff's counsel has not responded to such efforts.

Dated: September 26, 2023

Respectfully submitted,

By: /s/ *Chanelle Artiles*
Reginald J. Clyne, Esq.
Florida Bar No.: 654302
Chanelle Artiles, Esq.
Florida Bar No.: 1006402
QUINTAIROS, PRIETO, WOOD & BOYER, P.A.
*Attorneys for Defendant, The De Moya Group, Inc.*
9300 S. Dadeland Blvd., 4th Floor
Miami, FL 33156
Tel: (305) 670-1101
Fax: (305) 670-1161
Email: rclyne.pleadings@qpwblaw.com
reginald.clyne@qpwblaw.com
chanelle.artiles@qpwblaw.com

andres.vidales@qpwblaw.com
cecilia.quevedo@qpwblaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 26, 2023, the foregoing was electronically filed with the Clerk of Court via CM/ECF system, which will send a notice of electronic filing to Plaintiff's counsel PEREGONZA THE ATTORNEYS, PLLC, Nathaly Saavedra, Esq., at nathaly@peregonza.com, P. Brooks LaRou, Esq., at brooks@peregonza.com, and all other parties who have registered for service in this matter.

/s/ <i>Chanelle Artiles</i>