UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:22-cv-22343-KMM Moore/Louis

JORGE MONTEAGUDO ALBURQUERQUE,

Plaintiff,

v.

THE DE MOYA GROUP, INC.,
a Florida Profit Corporation,

Defendant.
_____/

**PLAINTIFF'S OBJECTIONS AND RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO TAX COSTS AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, JORGE MONTEAGUDO ALBURQUERQUE (hereinafter "Plaintiff"), submits this memorandum of law in opposition to Defendant, THE DE MOYA GROUP INC.'s (hereinafter "Defendant") Motion to Tax Costs (ECF No. 114) and memoranda of law in support and as objections to its Bill of Costs (ECF No. 114-1).

**INTRODUCTION**

Defendant's Motion for an Award of Taxable Costs and Supporting Memorandum of Law should be denied to the extent it seeks costs that are not statutorily authorized by 28 U.S.C. § 1920, including certain costs associated with deposition and transcript fees, and interpreter fees. Plaintiff respectfully requests that the Court deny Defendant's Bill as set forth below.

**MEMORANDUM OF LAW**

**A. STANDARD OF LAW**

Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party. While the provision establishes a presumption that costs are to be awarded to a prevailing party,

the district court is vested with discretion to decide otherwise. *Chapman v. AI Transp.*, 229 F.3d 1012, 1038 (11th Cir. 2000) (citations omitted).

Furthermore, not **all** costs incurred during litigation, can be reimbursed. Instead, the types of costs that may be taxed against the non-prevailing party are identified in 28 U.S.C. § 1920. The Court may only award the costs authorized by this statute. *See Crawford Fitting Co. v. JT Gibbons, Inc.*, 482 U.S. 437, 442 (1987); *Sensormatic Elecs. Corp. v. Tag Co. US*, 2009 WL 3208649, at *2 (S.D. Fla. Oct. 2, 2009). Ultimately, the party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994).

**B.  ARGUMENT**

1. **Defendant's Entitlement to Taxable Costs Under Rule 54(d) and 42 U.S.C. §1920 should be denied at least in part.**

Plaintiff does not dispute that the Court has the discretion to tax costs. However, the Court is limited to tax only the costs that are authorized by 28 USC §1920.  Plaintiff opposes Defendant's motion because:  a) Defendant failed to comply with Local Rule 7.3(c) requirements, and b) Plaintiff contends some of the costs are not sufficiently necessary to qualify as taxable costs under § 1920.

   a. **Defendant failed to confer pursuant to Local Rule 7.3(c)**

S. D. Fla. L. R. 7.3 governs the procedure for filing motions that seek reimbursement for taxable and non-taxable costs (and attorney's fees) following litigation in which one side is deemed the prevailing party.  Section (c), states that "[p]rior to filing the bill of costs, the moving party shall confer with affected parties under the procedure outlined in S.D. Fla. L.R. 7.1(a)(3) in a good faith effort to resolve the items of costs being sought." S.D. Fla. L.R. 7.3(c). Further, the Rule

requires that "the bill of costs shall attach copies of any documentation showing the amount of costs and shall be supported by a memorandum not exceeding ten (10) pages". *Id.* Courts have made clear that Local Rule 7.3's requirements are not optional, but *mandatory*. "A party's failure to comply with Local Rule 7.3 is a *sufficient basis* to deny its fees and costs motion." *Kipu Sys. LLC v. ZenCharts LLC*, 17-24733-CIV, 2021 WL 4504632, at *4 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted*, 17-CV-24733, 2021 WL 4504917 (S.D. Fla. Sept. 30, 2021) (citations and quotations omitted.)(emphasis added).

Here, Defendant did not confer with Plaintiff's counsel on the Motion for Taxable costs as otherwise erroneously indicated by Defendant on its Motion. Rather, on September 20, 2023, Defendant's counsel sent a conferral on Defendant's Verified Motion for Attorneys' Fees and Sanctions. A copy of the correspondence is attached hereto as Exhibit "A". Then on September 25, 2023, at 4:34 PM, Defendant's counsel sent an email stating:

> As stated in our motion for fees and enclosed invoices served on September 21, 2023, we are seeking to recover our costs under Local Rule 7.3(c) and 28 U.S.C. § 1920 The amount of the costs that have been invoiced to date is $6,496. A detailed description of each cost was included with the invoices that were attached to the motion. Please advise whether you are in agreement with paying those costs as soon as possible.

*See* a copy of the correspondence attached hereto as Exhibit B. Defendant failed to provide copies of the documentation of the costs on either correspondence despite its requirement to do so under the Rules. Defendant's procedural errors cannot be remedied because the Court granted Defendant's Motion for Summary Judgment on May 16, 2023, and denied Plaintiff's Motion to Alter Judgment Pursuant to Fed. R. Civ. P. 59 on August 25, 2023. A motion for said bill of costs was required to be filed and served within thirty (30) days of the entry of judgment. *See MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co.*, 2018 WL 5098974, at *2 (S.D. Fla. Sept. 27, 2018); *Staats v. Universal Marine Ctr., Inc.*, 2017 WL 6539512, at *2 (S.D. Fla. Dec. 20, 2017) ("Local

Rule 7.3(c) requires—in mandatory terms—that the moving party file and serve a Bill of Costs within thirty days of the entry of judgment."). Thus, because Defendant failed to meet and confer, failed to include the required certification before the 30-day mandatory deadline, its Motion for Taxable Costs should be denied on this basis alone.

    **b. Defendant's Motion fails to set forth, justify, or explain in detail the amounts requested.**

One the requirements in seeking a recovery of costs pursuant to Fed. R. Civ. P. 54(d) is the filing of a motion and supporting memorandum of law "which sets forth in detail the amounts requested." *MSPA Claims 1, LLC v. Liberty Mut. Fire Ins. Co*., 2018 WL 5098974, at *1.

    Defendant's memoranda of law in support of its Motion for Costs fails to set forth sufficient details regarding the amounts of costs requested beyond providing a sum total of the requested amounts. *See* ECF No. 114 at 3-4. Particularly lacking is any proffered explanation of what the costs entail and how they are the type of costs which are taxable under the law. *Id.* Defendant's Motion explains only in the most general of terms that the costs it seeks to recover consist of expenses related to transcripts and interpreter costs, but it fails to explain the necessity for each of the transcripts it now seeks to tax or explain why they constitute "recoverable" as opposed to "unrecoverable" extraneous costs. *Id.*  Thus, Defendant impermissibly requires the Court to now independently review of the billing and cost records that were attached to the Bill of Costs to determine the propriety of each cost. *See Kipu Sys. LLC*, 2021 WL 4504632, at *4 (leaving the Court to piece together all the costs requested and to determine whether each should be awarded in what amounts without any citation to the record is sufficient reason to deny the requested relief.). *See also Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994) (requiring the party seeking an award of costs to submit a request that enables a court to determine what costs were incurred and the party's entitlement to an award for such costs.). Most egregious, however, is that hidden in the

costs which Defendant seeks to recover are costs, unmentioned or explained in their memoranda of law, which are clearly unrecoverable as a matter of law as discussed in more detail below.

**2. Taxable costs stated by Defendant are not all recoverable.**

Defendant seeks to tax $5,525.00 categorized as follows: $4,925.00 in transcript costs and $600.00 for interpreter costs. ECF No. 114 at 3-4. While some of these costs may be recoverable under 28 U.S.C. § 1920, others are clearly not as described in detail below. Should the Court, in exercising its discretion, decide to award costs to Defendant, Plaintiff submits that only $3,244.80 of these costs is recoverable.

**a. Transcript costs**

Defendant requests $4,925.00 for costs related to the depositions and transcripts. ECF No. 114 at 3. In this total Defendant includes costs for expedited transcripts and additional copies of transcripts, which are not taxable. *See* ECF No. 117-7-117-15. Defendant also includes fees related to exhibits fees, virtual services fees, handling/shipping fees, and litigation support package costs, which, absent the required showing that these costs were incurred because they were necessary for the case and not just for counsel's convenience, Defendant may not recover. As such, these costs should be denied.

    i. *Certified Copies of Deposition Transcripts*

Defendant improperly seeks to tax costs for copies of transcripts obtained solely for counsel's convenience. *See* ECF No. 117-7- 117-15. Courts have denied recovery of costs of deposition transcript copies where there is no showing why a copy in addition to the original was necessary and not just for the convenience of counsel. *See e.g. Rodriguez v. M.I. Quality Lawn Maint., Inc.*, 2012 WL 664275, at *4 (S.D. Fla. Feb. 9, 2012), *report and recommendation adopted*, 2012 WL 664274 (S.D. Fla. Feb. 28, 2012) ("Defendants do not address why a copy of the

transcript, in addition to the original, was necessary, nor is such necessity apparent from the record. The undersigned concludes that it was obtained for the convenience of the parties and, thus, is not recoverable."); *see also Spatz v. Microtel Inns & Suites Franchising, Inc.*, 2012 WL 1587663, at *5 (S.D. Fla. May 4, 2012) (denying to award defendants the cost of an additional, certified copy of a transcript where the defendants failed to show why it was necessary in addition to the original transcript). Defendant fails to explain why obtaining these copies in addition to the originals were necessary and not just convenient for counsel, and therefore, the Court should deny a total of $639.00 for the following[1]:

- o $179.00 for the additional deposition transcript copy for Elena Valdes and Christopher de Moya (ECF No. 117-7);
- o $84.00 for additional deposition transcript copy for Manuel Comes (ECF No. 117-8);
- o $98.00 for additional deposition transcript copy for Noel Leon(ECF No. 117-9);
- o $65.00 for additional deposition transcript copy for Susana Giraldo (ECF No. 117-10);
- o $74.00 for additional deposition transcript copy for Jerome Nasso (ECF No. 117-12);
- o $76.00 for additional deposition transcript copy for Christopher De Moya (ECF No. 117-13);
- o $63.00 for additional deposition transcript copy for Carlos Cardona (ECF No. 117-14)

ii. *Expedited deposition Transcript*

Defendant seeks to tax costs for expediting the deposition transcript of Susana Giraldo (ECF No. 117-10). However, fees for expedited transcripts are not recoverable in this district. *Muldowney v. MAC Acquisition*, LLC, 2010 WL 3385388, at *2, 5 (S.D. Fla. July 30, 2010), report

---

[1] This amount was obtained by adding up the difference between the cost of the original transcript (at the standard price of $3.60 per page) from the amount invoiced for "Original and 1 Certified Transcript" on each of the invoices below.

and recommendation adopted, 2010 WL 3367914 (S.D. Fla. Aug. 24, 2010) (holding defendants were not entitled to the reimbursement of costs for expedited transcripts and stating that "[t]his Court has determined that "…fees for expedited [] transcripts…are not reimbursable under §1920.""); *Perez v. Garcia*, 2016 WL 3348614, at *3 (S.D. Fla. June 16, 2016) (holding requesting party was not entitled to recover rush fees related to the transcripts); *Licausi v. Symantec Corp.*, 2009 WL 3177566, at *3 (S.D. Fla. Sept. 29, 2009) (holding costs for expedited transcripts are not taxable under § 1920). These fees which amount to $364.00 [2] should be denied.

### iii. Other Fees Related to Transcript Costs

Defendant also asks the Court for fees related to depositions, which, absent the required showing that these costs were incurred because they were necessary for the case and not just for counsel's convenience Defendant may not recover.

Costs for deposition transcripts are taxable under 28 U.S.C. § 1920 as long as they were "necessarily obtained for use in the case." *In re BankAtlantic Bancorp, Inc. Sec. Litig.*, 2011 WL 13152070, at *4 (S.D. Fla. Aug. 4, 2011), report and recommendation adopted, 2011 WL 13151675 (S.D. Fla. Aug. 16, 2011). "[C]onvenience is not the standard by which a section 1920 cost can be awarded." Moreover, not all deposition costs are recoverable. *Perez*, 2016 WL 3348614, at *3 ("[t]he case law is clear that certain expenses related to transcripts are not taxable"). In fact, "[p]arties are ordinarily not reimbursed for extraneous costs associated with the depositions that are not expressly sanctioned or permitted by the statute." *Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015).

Here, Defendant improperly seeks reimbursement of $898.15 for fees related to Plaintiff's depositions. *See* ECF No. 117-2 and 117-4. Included in this amount are exhibit fees, virtual

---

[2] This amount was obtained by subtracting the cost of the original transcript (at the standard price of $3.60 per page) and the cost of the copy from the amount invoiced for "Original and 1 copy -same day delivery."

services fees, handling/shipping fees, and litigation support packages costs for each deposition which are not recoverable. *See Alfaro v. Bank of Am., N.A.*, No. 19-22762-CIV, 2021 WL 5920830, at *6 (S.D. Fla. Aug. 3, 2021), report and recommendation adopted, 2021 WL 5919022 (S.D. Fla. Dec. 15, 2021) ("In the absence of a cogent explanation [ ] in support of its request for [ ] deposition exhibits, the Undersigned recommends that [such costs be] denied."); *Acosta v. Miami-Dade Cnty.*, 2022 WL 2657322, at *6 (S.D. Fla. May 20, 2022), report and recommendation adopted, 2022 WL 2235568 (S.D. Fla. June 22, 2022) ("Defendants fail to explain why the costs included in these invoices for equipment and amenity rentals and virtual deposition platform services were not incurred for the convenience of counsel; hence, they are not recoverable."); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) ("Courts in this District, however, have declined to award costs for court reporter delivery fees and handling charges"); *Powell v. The Home Depot, U.S.A., Inc.*, No., 2010 WL 4116488, at *1' (S.D. Fla. Sept. 14, 2010), report and recommendation adopted, 2010 WL 4102933 (S.D. Fla. Oct. 18, 2010) ("In this Court's experience, it is customary for stenographer's invoices to include additional expenses for services such as condensed transcripts, electronic transcripts, and shipping and exhibits. Where such extra services are only for the convenience of counsel, they are not reimbursable."). These fees (totaling $247.05)[3] should be denied.

    iv.   <u>Costs related to Plaintiff's first deposition and evidentiary hearing.</u>

Defendant should not be awarded costs that were incurred in connection to Plaintiff's first deposition because at the time of the deposition a specific objection that the deposition was improperly taken was made given Defendant's counsel was delinquent with the Florida Bar and not eligible to practice law at the time the deposition was conducted.

---

[3] This amount was obtained by subtracting the cost of the original transcript and the attendance fee from the amount invoiced on each invoice.

The Eleventh Circuit has held that costs for deposition transcripts are generally taxable so long as the transcripts were "necessarily obtained for use in the case." *See U.S. E.E.O.C. v. W&O, Inc.,* 213 F.3d 600, 620-621 (11th Cir. 2000)(noting that costs of deposition transcripts may be taxed where the transcripts were, either wholly or partially, "necessarily obtained for use in the case.") (*citing* § 1920(2); *Newman v. A.E. Stanley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. Unit B June 1981)). Costs for depositions are taxable where a party relies on such depositions in pleadings, or where depositions are taken during discovery, and the deposition relates to an issue in the case at the time it was taken. *See George*, 2008 WL 2571348 at *5 (*citing EEOC*, 213 F.3d at 621; *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471, 1474 (10th Cir.1997)). While "a deposition taken within the proper bounds of discovery ... will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed *unless the opposing party interposes a specific objection that the deposition was improperly taken* or unduly prolonged." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 650 (S.D.Fla.2007) (*quoting George R. Hall, Inc. v. Superior Trucking Co.*, 532 F.Supp. 985, 994 (N.D.Ga.1982)).

Here, Plaintiff's first deposition was conducted via threat and intimidation, impeding and frustrating any chance for a fair examination of Plaintiff. *See, e.g.,* ECF No. 50-1 at p. 33:16-24. Not only was the entire deposition improper in conduct, but it should never have occurred in the first place. At the time of the deposition, Defendant's counsel was delinquent with the Florida Bar and not eligible to practice law. ECF No. 50-12. In light of this fact, Plaintiff's counsel stated the parties' agreement to adjourn the deposition and continue at another time. ECF No. 50-49. Defendant's counsel then agreed to strike the offending deposition. *See* ECF No. 50-26. Yet Defendant incurred in the costs of requesting the deposition transcript and now seeks reimbursement. ECF No. 117-2. Such deposition cannot be said to be *"reasonably necessary"* for

their defense of the case, at any stage of this litigation. *See E.E.O.C.*, 213 F.3d at 622. And while the ordering of transcript may have been done by Defendant to aid their preparation in the case and presentation of such evidence, the 11th Circuit has made clear that such costs ($333.45) are not recoverable and should be deducted from any award of taxable costs. *Id*., at 620.

Lastly, a review of the Bill of Costs and invoices filed by Defendant revealed that Defendant seeks to tax costs for the transcript of the evidentiary hearing held in connection to Defendant's Motion for Rule 11 Sanctions as well as the services of an interpreter for that day. *See* ECF No. 117-5 and 117-6. Yet, Defendant has not shown why these costs were necessary, nor why it should be reimbursed for these costs. For failing to meet its burden, the Court should deny Defendant's request to tax costs connected to the May 9, 2023, evidentiary hearing which total $396.70. See ECF No. 117-5 and 117-6.

**b. Interpreter Costs**

Defendant seeks to tax $600.00 for interpreter services contending that an interpreter was required for Plaintiff's depositions. *See* ECF No. 114 at 4. To the extent the Court awards Defendant interpreter costs, Defendant may only recover the interpreter costs in connection to the second deposition but not the first for the same reasons stated in Section 2(a)(iv) *supra*. Therefore, the Court should deny the remaining $300.00 from Defendant's request as the same is in connection to the first deposition which was improperly taken by Defendant. *See* ECF No. 117-3.

## CONCLUSION

Plaintiff agrees that the Court has the discretion to tax costs, but only to the extent that those costs are authorized by 28 U.S.C. § 1920. *See Perfect Web Techs., Inc. v. Infousa, Inc.*, 07-80286-CIV, 2009 WL 2407689 at *8 (S.D. Fla. Aug. 4, 2009). For the reasons stated above, Plaintiff submits

that only $3,244.80 of Defendant's requested taxable costs are statutorily authorized, as itemized below:

Transcripts $2,944.80

Interpreter $300.00

TOTAL $ 3,244.80

WHEREFORE, Plaintiff respectfully requests that the Court enter an order denying Defendant's Bill of Costs to the extent it seeks costs beyond the statutorily authorized amount of $3,244.80 as set forth herein.

Dated: October 10, 2023                           Respectfully submitted,

                                                      */s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
P. Brooks, LaRou, Esq.
Fla. Bar No. 1039018
Email: brooks@peregonza.com
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290,
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 10, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Nathaly Saavedra
Nathaly Saavedra, Esq.

**SERVICE LIST**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 1:22-cv-22343-KMM Moore/Louis

| | |
|---|---|
| Nathaly Saavedra, Esq.<br>Fla. Bar No. 118315<br>Email: nathaly@peregonza.com<br>Juan J. Perez, Esq.<br>Fla. Bar No. 115784<br>Email: juan@peregonza.com<br>P. Brooks, LaRou, Esq.<br>Fla. Bar No. 1039018<br>Email: brooks@peregonza.com<br>Jocelyn R. Rocha, Esq.<br>Fla. Bar No. 1039302<br>Email: jocelyn@peregonza.com<br>**PEREGONZA THE ATTORNEYS, PLLC**<br>5201 Blue Lagoon Drive,<br>Suite 290,<br>Miami, FL 33126<br>Tel. (786) 650-0202<br>Fax. (786) 650-0200<br><br>Attorneys for Plaintiff<br><br>Brian H. Pollock, Esq. (174742)<br>brian@fairlawattorney.com<br>FAIRLAW FIRM<br>135 San Lorenzo Avenue<br>Suite 770<br>Coral Gables, FL 33146<br>Tel: (305) 230-4884<br><br>*Counsel for Nathaly Saavedra, Esq. and PereGonza The Attorneys*<br><br>Method of Service: CM/ECF notice | Reginald J. Clyne, Esq.<br>Florida Bar No. 654302<br>reginald.clyne@qpwblaw.com<br>Chanelle Artiles, Esq.<br>Florida Bar No. 10006402<br>chanelle.artiles@qpwblaw.com<br>Quintairos, Prieto, Wood & Boyer, P.A.<br>9300 South Dadeland Blvd., 4th Floor<br>Miami, Florida 33156<br>Telephone: 305-670-1101<br><br>Attorneys for Defendant<br><br>Method of Service: CM/ECF notice |