UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:22-cv-22343-KMM Moore/Louis

JORGE MONTEAGUDO ALBURQUERQUE,

Plaintiff,

v.

THE DE MOYA GROUP, INC.,
a Florida Profit Corporation,

Defendant.
_____/

**PLAINTIFF'S UNOPPOSED MOTION TO ABATE OR STAY ADJUDICATION OF DEFENDANT'S VERIFIED MOTION FOR ATTORNEYS' FEES AND SANCTIONS AND SUPPORTING MEMORANDUM OF LAW**

Pursuant to S.D. Fla. Local Rule 7.1(a)(1) and Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff, JORGE MONTEAGUDO ALBURQUERQUE, hereby moves the Court for an order abating or staying adjudication of Defendant, The DE MOYA GROUP INC's Verified Motion for Attorneys' Fees and Sanctions (ECF No. 121) proceedings entirely in this case pending the outcome of Defendant's Motion for Sanctions (ECF No. 58) (hereinafter Defendant's Rule 11 Motion) and in support states:

1. On June 26, 2023, Defendant filed its Motion for Extension of Time to Serve and File its Motion for Attorney's Fees and Sanctions and Incorporated Memorandum of Law given the procedural posture of the case at the time. *See* ECF No. 96.

2. On June 28, 2023, the Court granted Defendant's Motion for Extension of Time tolling the deadline for Defendant to file its Motion for Attorney's Fees and Sanctions pursuant to Defendant's request. *See* ECF No. 98.

3. On September 21, 2023, Defendant's Counsel served Plaintiff's counsel Defendant's Verified Motion for Attorneys' Fees and Sanctions and the enclosed billing records pursuant to Local Rule 7.3.

4. On October 11, 2023, the undersigned advised Defendant's counsel that the Defendant's Motion for Fees and Sanctions was premature until the disposition of Defendant's Rule 11 Motion.

5. On October 26, 2023, Defendant filed its Verified Motion for Attorneys' Fees and Sanctions (ECF No. 121). The Motion raises a number of arguments that go to original issues raised in Defendant's Rule 11 Motion.

6. Although Defendant's Rule 11 Motion remains pending, the current deadline to file a Response to Defendant's motion for attorneys' fees is November 8, 2023. However, the Court's disposition of Defendant's Rule 11 Motion will likely affect the arguments of Plaintiff's Response to Defendant's attorneys' fees motion, especially with regard to a fee award as sanctions under 28 U.S.C § 1927. *See Collar v. Abalux, Inc.*, 16-20872-CIV, 2018 WL 3328682, at *9 (S.D. Fla. July 5, 2018) (although § 1927 sanctions cover more misconduct than Rule 11, "the scope of sanctionable conduct often overlaps").

7. Therefore, it is Plaintiff's position that not until the merits of Defendant's Rule 11 Motion are fully concluded, can the attorney fee portion of this case take place in any meaningful fashion given the potential likelihood that the rulings on Defendant's Rule 11 Motion will impact attorney fee entitlement and amount. To do otherwise and allow litigation and determination of the fee issue before the outstanding Rule 11 Motion issues are concluded would defeat judicial economy.

8. In the interests of judicial economy, Plaintiff requests that the Court issue an order modifying the timing for Plaintiff to respond to Defendant's motion for attorneys' fees and sanctions and

extending or tolling the deadline until after there is a ruling on Defendant's Rule 11 Motion. *See Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 (11th Cir. 2006) (noting party could have moved the district court for an extension to file motion for fees pursuant to Fed. R. Civ. P. 54(d)(2)(B)).

9. Defendant does not object to Plaintiff's filing of a motion for an extension of time. Accordingly, extending or tolling the deadline to file a response to Defendant's Verified Motion for Attorneys' Fees and Sanctions will not result in unfair surprise or prejudice.

10. In the event the Court declines to abate or stay adjudication of Defendant's Verified Motion for Attorneys' Fees and Sanctions, Plaintiff requests, in the alternative, that the Court exercise its discretion to issue an order granting Plaintiff a 20-day extension to Respond to Defendant's Verified Motion for Attorneys' Fees and Sanctions.

## **MEMORANDUM OF LAW**

Plaintiff submits that the equities favor this Court abating or staying all proceedings regarding Defendant's Verified Motion for Attorneys' Fees and Sanctions until such time as all proceedings related to Defendant's Rule 11 Motion, are concluded. Defendant is currently claiming attorney's fees in the amount of $252,990.00. *See* ECF No. 121 at 18-19.

In these circumstances, the Court is well within its discretion to defer or deny ruling on a request for attorneys' fees and costs pending resolution of pending Motions. Fed. R. Civ. P. 54 advisory committee's note to 1993 amendment (explaining that the court may rule, defer, or deny the motion without prejudice until the appeal is resolved); Fed. R. Civ. P. 58 advisory committee's note to 1993 amendment (when claim for fees "is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is

resolved"). Courts can also defer ruling sua sponte. *See, e.g., Leibovitz v. Paramount Pictures Corp.*, No. 94 CIV. 9144 LAP, 1997 WL 542560, at *1 (S.D.N.Y. Sept. 3, 1997).

Furthermore, deferring resolution of the motion preserves judicial resources as the parties' resources. The Court and parties would expend substantial resources litigating the fee issue, which could be wasted depending on the outcome of the Defendant's Rule 11 Motion which is pending. In any event, the guidance provided by the Court's findings regarding Defendant's Rule 11 Motion, regardless of outcome, will prove helpful to the Court when evaluating a motion for fees.

WHEREFORE, Plaintiff respectfully requests that this Court an enter order abating or staying all proceedings related to Defendant's Verified Motion for Attorneys' Fees and Sanctions entirely in this case pending the outcome of Defendant's Rule 11 Motion and grant any other relief this Court deems just and proper.

[SPACE INTENTIONALLY LEFT BLANK]

**Local Rule 7.1(a)(3) Certificate of Good Faith Conference**

I, Nathaly Saavedra, counsel for Plaintiff, certify that prior to the filing of this motion, I conferred with Defendant's counsel by email on November 2, 2023, in a good faith effort to resolve the issues raised in the motion. On November 2, 2023, Plaintiff's counsel, Reginald Clyne, informed the undersigned via email that Defendant does not oppose the filing of this motion.

Dated: November 6, 2023             Respectfully submitted,

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
P. Brooks, LaRou, Esq.
Fla. Bar No. 1039018
Email: brooks@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290,
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 6 , 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Nathaly Saavedra
Nathaly Saavedra, Esq.

**SERVICE LIST**
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 1:22-cv-22343-KMM Moore/Louis

| | |
|---|---|
| Nathaly Saavedra, Esq.<br>Fla. Bar No. 118315<br>Email: nathaly@peregonza.com<br>Juan J. Perez, Esq.<br>Fla. Bar No. 115784<br>Email: juan@peregonza.com<br>P. Brooks, LaRou, Esq.<br>Fla. Bar No. 1039018<br>Email: brooks@peregonza.com<br>Jocelyn R. Rocha, Esq.<br>Fla. Bar No. 1039302<br>Email: jocelyn@peregonza.com<br>**PEREGONZA THE ATTORNEYS, PLLC**<br>5201 Blue Lagoon Drive,<br>Suite 290,<br>Miami, FL 33126<br>Tel. (786) 650-0202<br>Fax. (786) 650-0200<br><br>Attorneys for Plaintiff<br><br>Brian H. Pollock, Esq. (174742)<br>brian@fairlawattorney.com<br>FAIRLAW FIRM<br>135 San Lorenzo Avenue<br>Suite 770<br>Coral Gables, FL 33146<br>Tel: (305) 230-4884<br><br>*Counsel for Nathaly Saavedra, Esq. and PereGonza The Attorneys*<br><br>Method of Service: CM/ECF notice | Reginald J. Clyne, Esq.<br>Florida Bar No. 654302<br>reginald.clyne@qpwblaw.com<br>Chanelle Artiles, Esq.<br>Florida Bar No. 10006402<br>chanelle.artiles@qpwblaw.com<br>Quintairos, Prieto, Wood & Boyer, P.A.<br>9300 South Dadeland Blvd., 4th Floor<br>Miami, Florida 33156<br>Telephone: 305-670-1101<br><br>Attorneys for Defendant<br><br>Method of Service: CM/ECF notice |