UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-cv-22343

JORGE MONTEAGUDO
ALBURQUERQUE

    Plaintiff,

v.

THE DE MOYA GROUP, INC.,
a Florida Profit Corporation,

    Defendant.

_____/

**<u>DEFENDANT, THE DE MOYA GROUP, INC.'S OBJECTIONS TO REPORT &
RECOMMENDATIONS ON DEFENDANT'S RULE 11 MOTION FOR SANCTIONS</u>**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(3) of the Federal Rules of Civil Procedure, Defendant, The De Moya Group, Inc. ("De Moya"), submits its written objections (the "Objection") to the Report and Recommendation issued by United States Magistrate Judge Lauren F. Louis on February 2, 2024 (ECF No. 131) upon De Moya's Motion for Sanctions (ECF No. 58) against Plaintiff Jorge Monteagudo Alburquerque ("Plaintiff") and his counsel under Federal Rule of Civil Procedure 11 ("Rule 11 Motion"), filed on April 17, 2023.

**I.     INTRODUCTION**

The Rule 11 Motion addressed in the R&R stems from the underlying employment action alleging that De Moya, a Cuban-owned company that handles roadside construction projects in South Florida, violated Title VII of the Civil Rights Act of 1964 ("Title VII") and the Florida Civil Rights Act ("FCRA"), by discriminating against Plaintiff based on his Cuban national origin. This Objection assumes the Court's familiarity with the general facts of the case and shall only refer to factual findings as they pertain to the R&R or any Objections thereto. In terms of procedural

history, De Moya incorporates the procedural history asserted in the R&R, and also notes the Order entered on May 10, 2023 ruling the statements in the police report inadmissible. (ECF No. 79).

**A. Legal Standard for Review of the Magistrate Judge's Findings and Recommendations**

The district judge may accept, reject, or modify a magistrate judge's recommended disposition. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If a party objects to a magistrate's disposition, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Objection(s) must be "sufficiently specific and not a general objection to the report." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Hence, a sufficiently specific objection pinpointing the findings in the magistrate judge's report the party disagrees with requires de novo review. *Id.* at 783-84 (internal citation omitted).

**II.  DE MOYA'S OBJECTIONS TO THE REPORT AND RECOMMENDATIONS**

De Moya's Rule 11 Motion seeks sanctions because Plaintiff initiated and maintained a lawsuit with retaliation claims that have no legal or factual basis. "Rule 11 sanctions are appropriate: (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory with no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith and for an improper purpose." *Flores v. Park W. Parking LLC*, No. 06-22055-CIV-KING/GARBER, 2008 U.S. Dist. LEXIS 143693, at *30 (S.D. Fla. Feb. 1, 2008); *Briggs v. Briggs*, 245 Fed. Appx. 934, 936 (11th Cir. 2007). To determine whether Rule 11 has been violated, a court analyzes two prongs: (1) whether the party's claims are objectively frivolous, in view of the facts or law; and (2) whether the person who signed the pleadings should have been aware that they were frivolous—that is, whether the person would have been aware had they made a reasonable inquiry. Since the Magistrate Judge concluded that Plaintiff's claims were not

2

objectively frivolous in view of the minimal evidence cited in the R&R's findings, the R&R does not address the second prong of the Rule 11 analysis.

De Moya objects to Magistrate Judge Louis' recommendation that the Court deny De Moya's Rule 11 Motion on two grounds: First, the R&R relies on inadmissible evidence consisting of a police report and handwritten notes to corroborate Plaintiff and his attorney's testimonies regarding the plausibility of Plaintiff's retaliation claims, and to determine witness credibility. *See Lincoln Rock, Ltd. Liab. Co. v. City of Tampa*, No. 8:15-cv-1374-T-30JSS, 2016 U.S. Dist. LEXIS 165640, at *10 (M.D. Fla. Dec. 1, 2016). Second, the R&R fails to address the lack of a legal basis for Plaintiff's claims in view of this Circuit's authority governing Title VII claims. Although De Moya's Rule 11 Motion (ECF No. 58), and Reply (ECF No. 78), expressly argued that Plaintiff's retaliation claims **have no legal** or factual basis, the R&R findings do not address Plaintiff's continued pursuit of legal contentions notwithstanding the abundant – and binding - case law establishing the retaliation claims are not "warranted by existing law." *See* Fed. R. Civ. P. 11(b). Instead, the R&R merely raises "minimal" evidentiary findings to conclude that Plaintiff's retaliation claim was not "objectively frivolous" despite being "exceptionally weak, conclusory, and self-serving." (ECF No. 131 at 18).

The R&R goes to great lengths to avoid imposing sanctions despite this being one of the rare cases where they are warranted. In doing so, the R&R departs from the Rule 11's purpose to "deter baseless filings in district court." The denial of Rule 11 sanctions in this particularly case effectively signals to employers like De Moya that the outcome of legally untenable Title VII claims is meaningless. In turn, employers must choose to either incur hundreds of thousands of dollars litigating a legitimate, everyday, business decision to terminate a poorly performing employee, or pay the plaintiff an amount he or she deems sufficient to drop a case that has no legal

3

basis. As discussed below, the filing of this lawsuit and continued litigation of claims that are not tenable under the most liberal interpretation of Title VII precedent warrant the imposition of Rule 11 sanctions against Plaintiff and his attorney. Accordingly, De Moya respectfully requests that this Court reject the findings in the R&R and issue an order granting the Rule 11 Motion.

1. **The Evidentiary Findings in the Report and Recommendation are Based on Inadmissible Hearsay**

Before analyzing the elements of Plaintiff's retaliation claims, the R&R discusses the evidence considered by the Magistrate Judge in the disposition of the Rule 11 Motion. *See generally* (ECF No. 131 at 4-6). De Moya objects to the use of the following evidence in the determination of the Rule 11 Motion on the grounds that the evidence is inadmissible hearsay:

- Witness statements contained in the police report this Court ruled as inadmissible on May 10, 2023 (ECF No. 79 at 6; ECF No. 131 at 3, 5, 13)
- The Miami-Dade Commission of Human Rights ("MDCHR") investigator's handwritten notes (ECF No. 131 at 5, 6, 13, 14)
- Saavedra's testimony from the September 12 hearing recounting Plaintiff's statements made to the MDCHR investigator regarding Noel Leon (ECF No. 131 at 5, 6, 13, 17)
- Plaintiff's "self-serving" affidavit (ECF No. 131 at 15, 17)

First, this Court should reject the R&R's findings supported by the hearsay statements in the police report this Court ruled as inadmissible. (ECF No. 79). In the Order entered by this Court on May 10, 2023, the Court ruled that where the police report filed in relation to the altercation with Alejandro Leon contains "statements from witnesses that are not based on the preparer's own observations and knowledge, those statements are inadmissible." (ECF No. 79 at 6) (citing *Mamani v. Sánchez Bustamante*, 968 F.3d 1216, 1241 (11th Cir. 2020)); Fed. R. Evid. 803(8). The same hearsay issues preclude the admissibility of the MDCHR's investigator's handwritten notes.

4

According to the R&R, the Magistrate Judge relied on the police report and the investigator's handwritten notes to assess the plausibility for the bringing and maintenance of Plaintiff's retaliation claims, and to corroborate the testimonies given by the Plaintiff, and his attorney, Nathaly Saavedra, during the September 12, 2023 hearing. *See* (ECF No. 131 at 6, 13-14). For example, the R&R indicates that statements in the police report stating "Noel Leon has 'previously made derogatory comments toward' Plaintiff" substantiated Plaintiff's attorneys testimony that she found Plaintiff's claims credible because they were consistent with the police report. (ECF No. 131 at 13). Likewise, the R&R finds that the alleged "specific examples" of discriminatory treatment Plaintiff provided were corroborated by the MDCHR investigator's handwritten notes in the Plaintiff's EEOC charge of discrimination case file. (ECF No. 131 at 5, 13-14).

The R&R's use of these inadmissible hearsay statements to substantiate the plausibility of Plaintiff's retaliation claims and to "corroborate" witness testimony is improper. *See Mamani*, 968 F.3d at 1241; Fed. R. Evid. 803(8). De Moya further objects to the use of the investigator's inadmissible handwritten notes to "suggest" any particular factual findings in the R&R. (ECF No. 131 at 13-14). There was no basis at the evidentiary hearings, or anywhere else in the record, for overruling this Court's existing Order finding that the police report narrative was inadmissible. In addition, there is no evidentiary exception that would allow the investigator's handwritten notes to be considered. Saavedra's testimony describing Plaintiff's statements made to the MDCHR investigator is also inadmissible because it constitutes "double hearsay." As indicated in the R&R, Saavedra testified that she "listened to Plaintiff's telephonic interview with the investigator from the MDCHR" and "recalled that Plaintiff had provided specific examples of why he believed he had been discriminated against." (ECF No. 131 at 5, 13). There is no basis for considering Saavedra's hearsay statements as evidence – especially when considering that Plaintiff attended

5

the evidentiary hearing, and could have provided testimony regarding his answers during the MDCHR interview.

The R&R references this inadmissible handwritten notes and police report narrative in finding:

> [T]he evidence available at the time the Amended Complaint was filed included Plaintiff's informal complaint to Defendant's owner that he felt he was being discriminated against by Noel Leon because Noel Leon was making derogatory statements about Cubans. The Court cannot say there was no evidence of a protected activity, such that the retaliation claim was objectively frivolous at the time the Amended Complaint was filed.

(ECF No. 131 at 14). Thus, it is evident that the R&R relies heavily on the objected to hearsay evidence to find "there was at least some evidentiary basis to support Plaintiff's retaliation claims at the time the Amended Complaint was filed." (ECF No. 131 at 13). Consequently, the Court should reject findings and grant De Moya's Rule 11 Motion.

**2. Plaintiff's Retaliation Claims Were Not Warranted Under Existing Title VII Precedent**

This Court should reject the R&R's recommendations because the R&R disregards the record and extensive binding authority demonstrating Plaintiff had no legal basis to support the "protected activity" and "causation" elements of his retaliation claim. The Title VII precedent governing retaliation claims in this Circuit demonstrates Plaintiff's pleadings were "based on a legal theory with no reasonable chance of success." *See, e.g.*, *Gould v. FAU Bd. of Trs.*, No. 10-81210-CIV-RYSKAMP/VITUNAC, 2011 U.S. Dist. LEXIS 169117, at *12 (S.D. Fla. Nov. 1, 2011); *Flores v. Park W. Parking LLC*, No. 06-22055-CIV-KING/GARBER, 2008 U.S. Dist. LEXIS 143693, at *30 (S.D. Fla. Feb. 1, 2008).

The R&R is silent on the legal merits of Plaintiff's claims. The R&R's recommendation against the imposition of sanctions is only based on a finding that Plaintiff's attorney "has demonstrated [] some (minimal) basis in fact for bringing and maintaining Plaintiff's claim." (ECF

6

No. 131 at 18). Meanwhile, De Moya's Rule 11 Motion argued that sanctions are warranted under the Rule because there was no legal *or* factual basis to support Plaintiff's contention that he engaged in protected activity, nor to establish a causal nexus between Plaintiff's protected activity and his termination. *See generally* (ECF No. 58). As such, this Court should reject the R&R's recommendations to deny the Rule 11 Motion and impose sanctions because Plaintiff's causes of action had no legal basis under existing Title VII law. *See Gould v. FAU Bd. of Trs.*, No. 10-81210-CIV-RYSKAMP/VITUNAC, 2011 U.S. Dist. LEXIS 169117, at *12 (S.D. Fla. Nov. 1, 2011). Rule 11 requires some pre-filing inquiry into both the facts and the law to satisfy the affirmative duty imposed by the Rule. *See* Fed. R. Civ. P. 11(b)(2), (3).

### a. Plaintiff's alleged conduct did not constitute "protected activity" under controlling law

The R&R fails to address the legal aspect of De Moya's argument that "there is no legal or factual basis existed to support that Plaintiff engaged in a protected activity." *See* (ECF No. 58 at 15-16; ECF No. 131 at 13). Courts in this Circuit interpret Title VII case law to mandate a showing that a plaintiff asserting a retaliation claim had "a good faith, reasonable belief" that the employer was engaged in unlawful employment practices. *See Ceus*, 803 Fed. Appx at 246; *Saffold v. Special Counsel, Inc.*, 147 Fed. Appx. 949, 951 (11th Cir. 2005). A plaintiff's "good faith belief" that he was being discriminated against and that his complaints were protected activity **has a subjective and objective component**. *Ceus v. City of Tampa*, 803 Fed. Appx. 235, 245 (11th Cir. 2020) (emphasis added). A viable retaliation claim requires both, the plaintiff's subjective belief that the employer was engaged in unlawful employment practices, **and** that his "belief was objectively reasonable in light of the facts and record presented." *Brown v. City of Opelika*, 211 Fed. Appx. 862, 864 (11th Cir. 2006); *Saffold v. Special Counsel, Inc.*, 147 Fed. Appx. 949, 951 (11th Cir. 2005). A retaliation claim brought under the opposition clause of Title VII requires that an

7

employee's opposition must be directed at an unlawful employment practice, not the stray remarks from a private individual. *See, e.g.*, *Ceus v. City of Tampa*, 803 Fed. Appx. 235, 246 (11th Cir. 2020) ("In order to be protected, the employee's 'opposition must be directed at an unlawful employment practice of an employer, not an act of discrimination by a private individual.'"); *United States v. City of Fort Pierce*, 08-14309-CIV, 2009 WL 10668949, at *5 (S.D. Fla. Oct. 29, 2009).

Plaintiff never established, nor does the R&R find, ***any legal basis*** to support that Plaintiff's belief that he was discriminated against was "objectively reasonable" or that the alleged derogatory comments were attributable to De Moya as an employer. The R&R acknowledges Plaintiff's retaliation claims are premised on his belief that "he had been treated differently based on [Noel Leon's] comments relating to his inability to speak English and because he was Cuban." (ECF No. 131 at 6). However, there is no legal authority cited in the R&R or by Plaintiff that warrants the initiation or maintenance of a retaliation claim premised on stray comments from an individual employee, such as those purportedly made by Noel Leon.

The lack of a legal basis supporting Plaintiff's contention that his belief he was discriminated against was objectively reasonable is sufficient to warrant Rule 11 sanctions. Notably, the Magistrate Judge asked Saavedra during the May 2023 evidentiary hearing if there was any legal authority recognizing conduct like the complained-of conduct at issue in *this case* meets the objective component of a "good faith belief" that Plaintiff engaged in protected activity, and Saavedra was unable to provide a single case with facts analogous to Plaintiff's claims. *See* (ECF No. 92, at 30:14-31:22).

"A party confronted with binding and pertinent authority may attempt to distinguish it, construe it favorably, or argue that it should be overturned, but it may not ignore it." *Maronda*

8

*Homes, Inc. v. Progressive Express Ins. Co.*, No. 6:14-cv-1287-Orl-31TBS, 2015 U.S. Dist. LEXIS 89227, at *9 n.1 (M.D. Fla. July 9, 2015 (citing Fed. R. Civ. P. 11(b)(2) language stating legal contentions must be "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law"). As other district courts have pointed out, "[t]he 'ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless.'" *Maronda Homes, Inc.*, 2015 U.S. Dist. LEXIS 89227, at *9 n.1 (citing *Gonzalez-Servin v. Ford Motor Co.*, 662 F.3d 931, 934 (7th Cir. 2011) (quoting *Hill v. Norfolk & Western Ry. Co*., 814 F.2d 1192, 1198 (7th Cir. 1987))." Even if this Court affords Plaintiff the benefit of the doubt reflected in the R&R in finding he subjectively believed he was being discriminated against, the objective component remains glaringly absent. Consequently, the R&R findings should be rejected because there is no legal basis for finding Plaintiff's belief was ***objectively reasonable*** under existing law.

> **b. Temporal proximity is insufficient to establish a causal connection between the alleged protected activity and Plaintiff's termination**

This Court should reject the R&R's recommendations on the basis that the report fails to analyze the element of causation under the legal precedent requiring a plaintiff to show that the decision-maker was aware of the protected activity at the time of the adverse action. *See* (ECF No. 131 at 15-16). Like the element of protected activity, De Moya's Rule 11 Motion argued that there was no legal ***or*** factual basis to support a causal nexus between Plaintiff's protected activity and his termination. (ECF No. 58 at 16). The Eleventh Circuit case law addressing Title VII claims states in order "[t]o satisfy the causal connection requirement in his retaliation claim, a plaintiff ***must*** show that the decision-makers were aware of the protected conduct, and that the protected activity and the adverse actions were not wholly unrelated." *Rodriguez v. Sec'y, U.S. Dept. of Homeland Sec.*, 608 Fed. Appx. 717, 720 (11th Cir. 2015). The R&R mentions De Moya's

9

argument that "the decision-maker behind Plaintiff's termination, Jerry Nasso, was not aware of any of the specific details regarding Plaintiff's complaint to Christopher De Moya . . ." without further analysis. (ECF No. 131 at 15). Instead, the R&R goes on to focus its analysis on temporal proximity, which is improper. The record before the Court contains unrebutted evidence showing Nasso, in his role as decision-maker, did not have knowledge that Plaintiff engaged in protected conduct. *LeBlanc v. TJX Companies, Inc.*, 214 F. Supp. 2d 1319, 1324–25 (S.D. Fla. 2002). Where there's a showing that the decision-maker did not have knowledge of the specific protected activity, temporal proximity is not dispositive. *See id.* Accordingly, this Court should reject the R&R's recommendations as to the issue of causation and find sanctions are warranted due to Plaintiff and his attorney knowingly maintaining the action even though they could not prove Nasso was aware of the alleged protected activity.

### c. Plaintiff's initial complaint supports an inference that Plaintiff's filing and maintenance of this lawsuit was a reckless and intentional pursuit of an action that lacks merit under existing law

As a procedural matter, the R&R improperly declines to consider Plaintiff's omission and/or misrepresentation of De Moya's employees in the initial complaint in its determination of the Rule 11 Motion because the initial complaint was withdrawn. (ECF No. 131 at 8). Consideration of the initial complaint goes to the overall determination of the "'reasonableness under the circumstances' and 'what was reasonable to believe at the time the pleading [or other document] was submitted." *Flores v. Park W. Parking LLC*, No. 06-22055-CIV-KING/GARBER, 2008 U.S. Dist. LEXIS 143693, at *29-30 (S.D. Fla. Feb. 1, 2008). A party's "knowledge, intent, or recklessness" in bringing or maintaining a legal claim, "may be inferred from circumstantial evidence, such as the degree to which a pleading, other document, argument, or other action lacks merit." *Flores v. Park W. Parking LLC*, No. 06-22055-CIV-KING/GARBER, 2008 U.S. Dist.

LEXIS 143693, at *28 (S.D. Fla. Feb. 1, 2008). As the person who signed the pleadings, Plaintiff's counsel had a continuing obligation to evaluate the merits of the claims made in all papers presented to the Court and whether continued pursuit of such claims was legally justified. *See Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1421-22 (11th Cir. 1996) (holding Rule 11 emphasizes the duty of candor by subjecting litigants to potential sanctions for insisting upon a position after it is no longer tenable); *Cook-Benjamin* at 948 (11th Cir. 2014); *see also* Fed. R. Civ. P. Rule 11(b). Based on the case law addressing Rule 11 sanctions, De Moya requests that this Court consider the initial complaint in the determination to award sanctions. *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003); *Jackson v. Hall Cnty. Gov't, Georgia*, 568 Fed. Appx. 676, 679 (11th Cir. 2014) (finding district court did not abuse its discretion by awarding attorneys' fees under Rule 11 because attorney should have known there was no evidentiary support for claims).

## CONCLUSION

For the foregoing reasons, De Moya requests that its objections to the R&R be sustained, that the Court find De Moya is entitled to Rule 11 sanctions against Plaintiff and his attorney, and award any other further relief it deems just and proper.

Dated: February 16, 2024                                   Respectfully submitted,

                                                    By:   /s/ *Chanelle Artiles*
                                                          Reginald J. Clyne, Esq.
                                                          Florida Bar No.: 654302
                                                          Chanelle Artiles, Esq.
                                                          Florida Bar No.: 1006402
                                                          **QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**
                                                          *Attorneys for Defendant, The De Moya Group, Inc.*
                                                          9300 S. Dadeland Blvd., 4th Floor
                                                          Miami, FL 33156

Tel: (305) 670-1101  
Fax: (305) 670-1161  
Email: rclyne.pleadings@qpwblaw.com  
reginald.clyne@qpwblaw.com  
chanelle.artiles@qpwblaw.com  
andres.vidales@qpwblaw.com  
cecilia.quevedo@qpwblaw.com  

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 16, 2024, the foregoing was electronically filed with the Clerk of Court via CM/ECF system, which will send a notice of electronic filing to the counsel of record on the service list below.

/s/ <em>Chanelle Artiles</em>