UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:22-cv-22343-KMM Moore/Louis

JORGE MONTEAGUDO ALBURQUERQUE,

Plaintiff,

v.

THE DE MOYA GROUP, INC.,
a Florida Profit Corporation,

Defendant.
_____/

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO REPORT AND RECOMMENDATION**

Plaintiff, JORGE MONTEAGUDO ALBURQUERQUE ("Plaintiff"), hereby responds to Defendant's Objection to Report and Recommendation (the "Objection") [ECF No. 132], Magistrate Judge Lauren F. Louis' February 2nd, 2024, Report and Recommendation ("R&R") properly recommends that Defendant's Rule 11 Sanctions ("Rule 11 Motion") be denied. As the Report's comprehensive analysis shows, there is no basis for Rule 11, given the absence of any competent evidence of intentional misconduct by Plaintiff or his counsel.  Accordingly, Plaintiff respectfully requests that the Objections be overruled, and the Report adopted by this Court.

## I.      Introduction

1.   On March 20, 2023, Defendant moved for summary Judgment. After the conclusion of briefing on the Motion for Summary Judgment but before an Order was entered, Defendant filed its Rule 11 Motion for Sanctions (ECF No. 58).

2.   Following a two-day evidentiary hearing on Defendant's Rule 11Motion which concluded on September 12, 2023, Magistrate Judge Lauren F. Louis issued a lengthy Report and

Recommendations ("R&R") detailing her findings of law and fact. ECF No. 131. Based on a thorough analysis of the applicable law, the Magistrate Judge correctly recommended Defendant's Rule 11 Motion be denied.

3. Defendant filed their Objection to the R&R at 0:00 AM on February 17, 2024 [ECF No. 132], in which it asks this Court to ignore the facts as adduced by the Magistrate, and refutes or directly contradicts the Magistrate's legal conclusions.

4. As explained below, the Magistrate correctly recommended denial of Defendant's Rule 11 Motion in its entirety. Defendant's Objection, much like its initial Motion, is based on insinuation and misrepresentations of law and facts and should be overruled and the Magistrate's Report and Recommendation adopted by this Court.

## II.   Argument

### A.   <u>Legal Standard.</u>

Under Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* FED. R. CIV. P. 72(b)(2). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The Court must conduct a de novo review if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Absent a timely and proper objection, "'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *GRACE, Inc. v. City of Miami*, No. 1:22-CV-24066-KMM, 2023 WL 3594310 (S.D. Fla. May 23, 2023), *appeal dismissed*, No. 23-11854-D, 2023 WL 5624206 (11th Cir. July 13, 2023)(citing Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition;  *Lopez v. Berryhill*, No. 1:17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019)). For an objection to be proper, the same must be stated

with specificity. *Macort*, 208 F. App'x at 784.  In addition, "a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions." *GRACE, Inc.*, Case No. 1:22-CV-24066-KMM, 2023 WL 3594310 at \*1.

### B.  <u>Response in Opposition to Defendant's Objections</u>

#### 1. **Defendant's first objection based on the admissibility of evidence considered by the Magistrate Judge is insufficient.**

As a preliminary manner, Defendant argues – for the first time- that the MDCHR investigator's notes and the undersigned's testimony regarding Plaintiff's statements during the MDCCHR's interview constituted inadmissible hearsay. *Id.* ECF No. 132 at 5. The Defendant had several opportunities to object to any evidence it deemed inadmissible, and that it believed should not be considered by the Court, yet Defendant failed to do so.  During the evidentiary hearing, Defendant agreed to the submission of each of the Exhibits it now contends should not have been considered by the Court. *See* Evidentiary Hearing Final Exhibit List without objections ECF No. 111.  Defendant did not object to the admissibility of the evidence it now contends should not have been considered by the Court. The MDCHR investigator's notes were admitted without objection at the September 12, 2023, hearing as Plaintiff's Exhibit 43. *See* R&R (ECF No. 131 at p. 13)(noting "[t]he case file was admitted without objection at the September 12 hearing as Plaintiff's Exhibit 43. It contains a list of Rebuttal Questions from an April 8, 2021 interview of Plaintiff"); *see also* Plaintiff's Exhibit 24- Police Report dated October 5, 2020, at ECF No. 111-11; *see also* Plaintiff's Exhibit 43 – Case File, ECF No. 111-16 at 95 to 99. Further, during the undersigned's testimony on September 12, 2023, Defendant did not object to the questions or testimony of the undersigned regarding Plaintiff's interview by the MDCCHR's investigator. Having failed to raise the Rule 801 objection during the evidentiary hearing, Defendant

may not raise it now. *See United States v. Madruga*, 810 F.2d 1010, 1014 (11th Cir. 1987). It is well settled that a "district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Accordingly, the Defendant should not be allowed to raise disputes for the first time on the admissibility of evidence that was considered by the Court over five months ago now that the R&R is not in its favor.

Plaintiff further contends Defendant's objection is insufficient, as Defendant proffers no argument to support its otherwise conclusory contention that the R&R is not permitted to rely on the evidence it now classifies as inadmissible hearsay. This is clearly because the weight of precedent cuts against Defendant's argument. *See, e.g., Jensen v. Phillips Screw Co.*, 546 F.3d 59, 66 n.5 ("We do not suggest that the rules of evidence necessarily apply to factfinding in the context of sanctions. That is not the case."); *Cook v. American S.S. Co.*, 134 F.3d 771, 775 (6th Cir. 1998) (finding the argument that a court violates due process by failing to apply the Federal Rules of Evidence when imposing sanctions without merit). Flatly declaring that the court's reliance on "inadmissible" evidence is improper, without reference to or analysis of the supporting authority of its position, falls short of a meaningful challenge. *See Macort*, 208 F. App'x at 784. Accordingly, the objection should be rejected.

Defendant's contention that the R&R improperly relied on statements contained in the MDCHR investigator's notes and Ms. Saavedra's testimony to assess the plausibility of Plaintiff's claims and to corroborate witness testimony is unavailing. Rule 11 sanctions could only be assessed against Plaintiff and his counsel if they "had actual knowledge that the filing of the papers constituted wrongful conduct." *Brown v. Artus, 647 F. Supp. 2d 190, 205 (N.D.N.Y. 2009)*, *Calloway v. Marvel Ent. Grp., a Div. of Cadence Indus. Corp.*, 854 F.2d 1452, 1474 (2d Cir. 1988), *rev'd in part sub nom. Pavelic & LeFlore v. Marvel Ent. Grp.*, 493 U.S. 120, 110 S. Ct. 456, 107 L. Ed. 2d 438 (1989).

Here, contrary to Defendant's contention, the R&R considered the statements in the police report, the investigator's handwritten notes, and the undersigned's testimony describing Plaintiff's statements to the investigator, only insofar as these statements gave credence to Plaintiff's contention that at the time the amended complaint was filed Plaintiff's belief that his complaint constituted protected activity was genuine and objective.  There is no evidence of Plaintiff or his counsel having actual knowledge that the filing of the Amended complaint constituted wrongful conduct. The R&R's consideration of the statements in this context is permissible, even if these statements were otherwise considered inadmissible evidence. The R&R did not improperly rely on these statements to establish that Plaintiff did in fact engaged in protected activity. But rather, the R&R properly analyzed the contemporaneous statements of Plaintiff as they were relevant to determine what was reasonable to believe at the time the pleading was submitted." *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998).

## 2. Defendant's objection that the R&R disregards Defendant's argument with respect to Plaintiff having no legal basis is not proper and should be overruled.

Defendant's contention that the R&R is silent on the legal merits of Plaintiff's claims is false and unsupported by the record. Rather, Defendant's second objection is nothing more than Defendant's futile attempt to a "second bite at the apple." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012).

As it has been recognized by this Court, "a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions." *GRACE, Inc.*, No. 1:22-CV-24066-KMM, 2023 WL 3594310, *citing Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018)).

Plaintiff notes that the record clearly evidences Defendant presented its contention that Plaintiff's claims were legally deficient during the evidentiary hearing. The record clearly reflects how, during the first Evidentiary Hearing, the Court sought clarification from Defendant's counsel on the basis of its Rule 11 Motion.

> THE COURT: I'm going to ask, Mr. Clyne, you to start, with a laser-focused explanation of what it is that you intend to prove at an evidentiary hearing, what fact that you've advanced in your motion that's in dispute and requires evidentiary proof that you will do and with whom, what witness. Because it's my impression, at least, that your motion starts off like it travels on a failure to investigate facts and a lack of access to facts -- or evidence, rather -- that would have formed a good-faith belief that there was a cause of action, but it seems to end up at an absence of legal research. So I really -- I got to understand exactly what your theory is before you do.

ECF No. 62 at 4:22- 6:10. The Court inquired further and Defendant's counsel stated:

> MR. CLYNE: I think, when the lawsuit was filed, opposing counsel should have done an investigation, looked at the statement of determination by the Miami-Dade Commission of Human Rights, and realized that there was not sufficient grounds to bring the suit. They dropped the national origin discrimination claim. They kept the retaliation claims. The retaliation claim is based on -- the first prong is that you engaged in some sort of protected activity. After the depositions were taken in this case, as to the meeting that was held with regards to the protected activity, all of the witnesses, including the plaintiff and the two of my clients that were deposed, said that he complained that he was told by his supervisor to go to a new job site, 874, and that he was disrespected. Right? That kernel of evidence, when you had three witnesses all saying that all he complained was about disrespect, that is not a basis for an unlawful discrimination act. That's not -- disrespect by a supervisor telling you to do something is not a violation of Title VII.  So the evidence that came into this case, even if you say, okay, she had some doubts; let me throw my dice and see what I got, when you heard the testimony from Chris De Moya, Susan Geraldo, and your own client, and all he said in his deposition was "I was

disrespected by my supervisor," that doesn't create a Title
VII claim.

**THE COURT: Okay. So it's legally insufficient**

**MR. CLYNE: It's legally insufficient.**

**THE COURT: There's not a fact that was alleged in
the absence of a good-faith basis to believe the
evidence would bear it out.**

**\*\*\* \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

THE COURT: I think your main argument is, once she
heard all the evidence, plaintiff's counsel should have
known, under Eleventh Circuit law, this is not sufficient to
carry a retaliatory claim of retaliation. I think that's your
primary argument.

MR. CLYNE: Yes.

Id. at 13:18-16:1, (emphasis added). With this understanding the parties agreed to continue
the evidentiary hearing for a later date which was ultimately held on September 12, 2023.   After
the September 12, evidentiary hearing the Court ultimately carefully analyzed and addressed each
of Defendant's arguments. Ultimately, the R&R expressly evidences the Court considered
Defendant's argument and rejected it. The R&R first acknowledged Defendant's challenge on the
legal basis as it related to the "protected activity" element of Plaintiff's claim noting "[t]o the extent
Defendant asserts lack of a legal basis, it does so on the ground that no case has found retaliation
on facts as thin as those presented here." *See* ECF No. 131 at 10.   The R&R then proceeds to set
out the Court's analysis, ultimately concluding that the record reflected that there was at least *some
evidentiary basis* to support the allegation that Plaintiff made an informal complaint about
discriminatory treatment in September 2020 and expressly rejecting Defendant's argument that
Plaintiff's complaint was no more than a complaint about disrespect and did not amount to a
protected activity. ECF No. 131 at 15.

Similarly, despite Defendant's assertion to the contrary, the R&R also expressly addresses Defendant's contention that there was no legal basis to support a causal nexus between Plaintiff's complaint and his termination. Citing to *Berry v. Crestwood Healthcare LP*, the R&R unequivocally concludes that at the time the Amended Complaint was filed, the record contained evidence of suspicious timing, inconsistencies in the reason for termination, and evidence of Defendant's failure to follow its own disciplinary policy which could properly raise and support a reasonable inference of retaliation. See *Berry v. Crestwood Healthcare LP*, 84 F.4th 1300 (11th Cir. 2023)(noting that "[w]ithout relying on the *McDonnell Douglas* framework, an employee may prove retaliation with any circumstantial evidence that creates a reasonable inference of retaliatory intent.")

## **CONCLUSION**

For the foregoing reasons, The Magistrate properly recommended that Defendant's Motion be denied. Plaintiff respectfully requests that the recommendation be adopted by this Court, and Defendant's Rule 11 Motion denied.

Dated: March 1, 2024.                     Respectfully submitted,

*/s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290,
Miami, FL 33126
Tel. (786) 650-0202

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on March 1, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<u>/s/ Nathaly Saavedra</u>
Nathaly Saavedra, Esq.

<u>**SERVICE LIST**</u>
**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
Case No. 1:22-cv-22343-KMM Moore/Louis

Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290,
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

Attorneys for Plaintiff

Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, FL 33146
Tel: (305) 230-4884

*Counsel for Nathaly Saavedra, Esq. and PereGonza The Attorneys*

Method of Service: CM/ECF notice

Reginald J. Clyne, Esq.
Florida Bar No. 654302
reginald.clyne@qpwblaw.com
Chanelle Artiles, Esq.
Florida Bar No. 10006402
chanelle.artiles@qpwblaw.com
Quintairos, Prieto, Wood & Boyer, P.A.
9300 South Dadeland Blvd., 4th Floor
Miami, Florida 33156
Telephone: 305-670-1101

Attorneys for Defendant

Method of Service: CM/ECF notice