UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22343-KMM

JORGE MONTEAGUDO
ALBURQUERQUE,

    Plaintiff,

v.

THE DE MOYA GROUP, INC.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Defendant The De Moya Group, Inc.'s Motion for Sanctions. ("Mot.") (ECF No. 58). Therein, Defendant moves for sanctions against Plaintiff and his counsel for filing and maintaining the instant action despite knowing that the claims were without merit. *See generally id.* The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, to "take all necessary and proper action as required by law with respect to the Motion for Sanctions." (ECF No. 59). On May 9, 2023, and September 12, 2023, Magistrate Judge Louis held evidentiary hearings on the Motion for Sanctions. (ECF Nos. 80, 110). On February 2, 2024, Magistrate Judge Louis entered a Report and Recommendation, recommending that the Motion for Sanctions be denied. ("R&R") (ECF No. 131). On February 17, 2024, Defendant filed Objections to the R&R. ("Objs.") (ECF No. 132). Plaintiff then filed a Response to the Objections. ("Resp.") (ECF No. 133). The matter is now ripe for review. As set forth below, the Report and Recommendation is ADOPTED.

**I.    BACKGROUND[1]**

Though Magistrate Judge Louis thoroughly parsed through the Motion and extracted the allegations therein, the Court nevertheless provides a brief summary.

On July 26, 2022, Plaintiff brought this civil rights action against Defendant, his employer, alleging claims of discrimination based on race and national origin, under both Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Florida Civil Rights Act ("FCRA"), Florida Statutes §§ 760.01–760.11, and two claims for retaliation under those same statutes. *See generally* (ECF No. 1). On August 29, 2022, Plaintiff amended his Complaint to assert just one claim for retaliatory termination for complaining of discrimination under Title VII and the FCRA. *See generally* (Am. Compl.) (ECF No. 13). Therein, Plaintiff alleged that his employment was terminated in retaliation for reporting complaints of discrimination to Defendant. R&R at 2. Plaintiff, who is a Hispanic Cuban male, stated that he was subjected to discriminatory comments about Cubans and that he was physically assaulted by someone at a jobsite. *Id.* at 2–3. Plaintiff was terminated shortly after filing a police report and complaining to a superintendent about the disparate treatment he was facing. *Id.* at 3.

On March 20, 2023, Defendant moved for summary judgment. (ECF No. 45). On May 16, 2023, the Court granted the Motion for Summary Judgment for Defendant. (ECF No. 87). The Court found that Plaintiff had adduced evidence of an adverse employment action, Defendant had advanced evidence of a legitimate non-retaliatory reason for Plaintiff's termination, and Plaintiff had not met his burden of identifying evidence establishing Defendant's reasons for terminating

---

[1] The Court provides the relevant background based on the factual recitation in the R&R.

Plaintiff were pretextual. R&R at 4; *see generally* (ECF No. 87). Plaintiff moved for reconsideration, which the Court denied. (ECF No. 100).

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Civ. P. 72(b)(3). A *de novo* review is required if a party files "a proper, specific objection" to a finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant de novo review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When the objecting party has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL

3

2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

### III.   DISCUSSION

As an initial matter, Magistrate Judge Louis finds that:  (1) Defendant may not seek sanctions based on the filing of the Complaint because the Complaint is no longer operative; (2) there was some evidentiary support for Plaintiff's retaliation claim; (3) there was some evidentiary support to establish Plaintiff's termination was in temporal proximity of his complaint to Christopher De Moya, Defendant's owner; and (4) Plaintiff failed to show that the instant Motion for Sanctions itself warrants Rule 11 sanctions against Defendant's counsel.  R&R at 9–19.  The Court reviews each of Defendant's Objections in turn.

#### A.  Defendant's Hearsay Objection Is Overruled

Defendant's first objection is that the R&R relies on inadmissible hearsay evidence to corroborate Plaintiff's testimony regarding the plausibility of Plaintiff's retaliation claims and to determine witness credibility.  Objs. at 4–6.  Specifically, Defendant argues that the following evidence is inadmissible hearsay:  (1) witness statements contained in the police report filed by Plaintiff; (2) the Miami-Dade Commission of Human Rights ("MDCHR") investigator's handwritten notes; (3) Plaintiff's counsel's testimony from the September 12 evidentiary hearing recounting Plaintiff's statements made to the MDCHR investigator regarding Noel Leon; and (4) Plaintiff's "self-serving" affidavit.  Objs. at 4.  In response, Plaintiff argues that this is Defendant's first time arguing that the disputed evidence is inadmissible hearsay; Defendant agreed to the submission of the exhibits at the evidentiary hearings and only now contends that the exhibits and testimony should not have been considered by Magistrate Judge Louis.  Resp. at 3.

Plaintiff correctly notes that Defendant did not make this hearsay objection to Magistrate Judge Louis at the evidentiary hearing. Thus, the Court may decline to consider the objection on this basis alone. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge); *Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 991 (1st Cir. 1988) ("[T]he argument upon which [appellant] belatedly places such stock could have been, but inexplicably was not, presented to the magistrate in the first instance. The appellant is not entitled to yet another nibble at this particular apple."). Indeed, "it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *Williams*, 557 F.3d at 1291–92 (cleaned up).

Accordingly, Defendant's objection regarding the R&R's consideration of hearsay evidence is overruled.

### B. Defendant's Lack of Legal Basis Objection Is Overruled

Defendant's next objection is that the R&R fails to address the lack of a legal basis for Plaintiff's claims in view of Eleventh Circuit authority governing Title VII claims. Specifically, Defendant claims that (1) the recommendation against the imposition of sanctions does not take into account Defendant's argument that there is no legal basis to support that Plaintiff engaged in a protected activity; (2) the R&R incorrectly focuses on temporal proximity, which is not enough to establish a causal connection between the alleged protected activity and Plaintiff's termination; and (3) the R&R improperly declines to consider Plaintiff's initial Complaint. Objs. at 6–10. In

response, Plaintiff argues that Defendant's contentions are plainly false and unsupported by the record.  Resp. at 5–6.

Defendant's objections merely reframe arguments already made and considered by Magistrate Judge Louis, or simply disagree with the R&R.  Indeed, Magistrate Judge Louis addressed both the legal and factual issues in the R&R.  Regarding protected activity, the R&R explains that to "the extent Defendant asserts lack of legal basis, it does so on the ground that no case has found retaliation on facts as thin as those presented here."  R&R at 10.  The R&R then rejects Defendant's legal argument by finding that there was evidence (albeit weak evidence) to support Plaintiff's retaliation claims at the time the Amended Complaint was filed.  *Id.* at 10–11.  Next, the R&R explains that approximately one month passed between Plaintiff purportedly complaining of discrimination and Plaintiff's termination; this close temporal proximity is evidence to support a causal connection between Plaintiff's protected activity and his termination.  *Id.* at 15–16.  Thus, it is not true that there was absolutely no legal or factual basis to support a causal connection—Defendant simply disagrees with the conclusions set forth in the R&R.  Finally, Magistrate Judge Louis correctly declines to consider the initial Complaint because it is no longer operative; once the Amended Complaint was filed, the race and national origin discrimination claims were abandoned and cannot be the basis for sanctions now.  *Id.* at 8–9 (citing *Geico Gen. Ins. v. Hampel*, No. 11-61620-CIV, 2012 WL 204284, at *2–3 (S.D. Fla. Jan. 6, 2012), *report and recommendation adopted*, No. 11-61620-CIV, 2012 WL 204176 (S.D. Fla. Jan. 24, 2012).  The Court finds that Defendant's arguments are not proper objections to Magistrate Judge Louis's R&R, nor do they remedy the deficiencies identified in the R&R.  *See Melillo*, 2018 WL 4258355, at *1.

Accordingly, Defendant's remaining objections are overruled.

## IV. CONCLUSION

UPON CONSIDERATION of the Motion for Sanctions (ECF No. 58), the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 131) is ADOPTED.  It is FURTHER ORDERED that the Motion for Sanctions (ECF No. 58) is DENIED and Plaintiff's request for Rule 11 sanctions against Defendant is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this  26th   day of March, 2024.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  counsel of record