UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-22343-KMM

JORGE MONTEAGUDO ALBURQUERQUE,

    Plaintiff,

v.

THE DE MOYA GROUP, INC.,

    Defendant.
_____/

## **ORDER DENYING DEFENDANT'S MOTION TO TAX COSTS**

**THIS CAUSE** is before the Court upon Defendant The De Moya Group, Inc.'s Motion to Tax Costs (ECF No. 114) and supplemental materials in support thereof (ECF No. 117). Plaintiff Jorge Monteagudo Alburquerque filed a Response (ECF No. 119).[1] Having reviewed the Motion and the Record, the Motion is **DENIED, without prejudice**.

Plaintiff brought two claims for retaliation against Defendant under Title VII of the Civil Rights Act of 1964, §§ 706(a) and 706(g) and the Florida Civil Rights Act §§ 760.01 *et seq*. (ECF No. 13). In his Amended Complaint, Plaintiff alleged theories of retaliatory harassment and retaliatory termination by his employer.

Defendant prevailed on summary judgment, resulting in dismissal of both of Plaintiff's claims. (ECF No. 87). Plaintiff appealed the District Court's Order to the Eleventh Circuit Court of Appeals. (ECF No. 113). On July 8, 2024, the Eleventh Circuit reversed, in part, the District

---

[1] The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge to take all necessary and proper action as required by law. (ECF No. 115).

Court's Order on Summary Judgment and remanded the matter for further proceedings. *Monteagudo v. De Moya Grp., Inc.*, No. 23-13157, 2024 WL 3321082 (11th Cir. July 8, 2024).

Defendant's Motion to Tax Costs is premised upon a final judgment that was entered in its favor following the Court's Order granting Defendants' Motion for Summary Judgment, and was filed prior to the Eleventh Circuit's decision. (ECF No. 114). To recover costs under Rule 54(d)(1), the party must be the prevailing party. *Highland Consulting Grp., Inc. v. Minjares*, No. 19-CV-81636, 2024 WL 776792, at *2 (S.D. Fla. Feb. 8, 2024), *report and recommendation adopted sub nom. Highlands Consulting Grp., Inc. v. Soule*, No. 19-CV-81636, 2024 WL 776057 (S.D. Fla. Feb. 26, 2024).

Given the Eleventh Circuit's reversal, the undersigned conducted a telephonic status conference on August 8, 2024 to ascertain the Parties' positions on whether the reversal rendered the Motion premature. With agreement from both parties, and without objection from movant Defendant, the Motion to Tax Costs is **DENIED**, without prejudice to renew.[2]

**DONE AND ORDERED** in open court in Miami, Florida, on this 8th day of August, 2024.

_____
LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Honorable K. Michael Moore
Counsel of Record

---

[2] Defense counsel proffered at the hearing that rehearing is sought on the mandate. Even if Defendant is successful there, and no further proceedings are ultimately conducted on remand in this Court, it was without dispute that the Motion for Costs was at this posture premature.