# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 13, 2024

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY____AP____D.C.
Sep 13, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number: 23-13157-HH
Case Style: Jorge Alburquerque v. The De Moya Group, Inc.
District Court Docket No: 1:22-cv-22343-KMM

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-13157

_____

JORGE MONTEAGUDO ALBURQUERQUE,

                              Plaintiff-Appellant,

*versus*

THE DE MOYA GROUP, INC.,
A Florida Profit Corporation,

                              Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-22343-KMM

_____

JUDGMENT

Case 1:22-cv-22343-KMM   Document 138   Entered on FLSD Docket 09/13/2024   Page 3 of 15
USCA11 Case: 23-13157     Document: 46-2     Date Filed: 09/13/2024     Page: 2 of 2

2                                                                              23-13157

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: July 8, 2024

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: September 13, 2024

[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-13157

Non-Argument Calendar

_____

JORGE MONTEAGUDO ALBURQUERQUE,

                                      Plaintiff-Appellant,

*versus*

THE DE MOYA GROUP, INC.,
A Florida Profit Corporation,

                                      Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-22343-KMM

Case 1:22-cv-22343-KMM   Document 138   Entered on FLSD Docket 09/13/2024   Page 5 of 15
USCA11 Case: 23-13157   Document: 39-1   Date Filed: 07/08/2024   Page: 2 of 10

2                      Opinion of the Court                   23-13157

_____

Before JORDAN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Jorge Monteagudo Alburquerque reported harassment by a supervisor and was transferred to a new position. Two of his new supervisors, one being the son of his previous supervisor, threatened Monteagudo's job, physically attacked him, threatened to make him "disappear," and told him not to report those incidents.[1] A third supervisor fired Monteagudo after finding him asleep on the job. Monteagudo sued under Title VII of the Civil Rights Act of 1964 and the Florida Civil Rights Act, alleging that his three new supervisors were retaliating against him for reporting the harassment by his initial supervisor. The district court granted summary judgment to the employer. We agree with the district court that summary judgment is appropriate with respect to the retaliatory termination theory of liability. But summary judgment was inappropriate as to the retaliatory harassment theory. Accordingly, we affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

I.

Monteagudo was a construction worker for De Moya Group, Inc. His supervisor, Noel Leon consistently harassed

---

[1] Plaintiff refers to himself by his first surname throughout his briefs, so we follow that convention.

Case 1:22-cv-22343-KMM   Document 138   Entered on FLSD Docket 09/13/2024   Page 6 of 15
USCA11 Case: 23-13157   Document: 39-1   Date Filed: 07/08/2024   Page: 3 of 10

23-13157               Opinion of the Court                3

Monteagudo based on Monteagudo's Cuban descent and inability to speak English. Eventually, Monteagudo reported the harassment to the Vice President of Field Operations, Chris De Moya, and requested reassignment to a new job site. Chris De Moya promptly transferred Monteagudo.

But Monteagudo's problems only got worse from there. Upon arriving at the new job site, Manuel Comes—one of Monteagudo's new supervisors—approached Monteagudo and said that he would be keeping a close eye on Monteagudo. Apparently, "Comes had been warned [Monteagudo] was 'problematic'" on his previous site. Not long after that interaction with Comes, Monteagudo was berated and struck by Alejandro Leon—another supervisor on Monteagudo's new job site and the son of Noel Leon. Alejandro Leon concluded the attack by threatening to make Monteagudo "disappear" "if anything happened to" Noel Leon. Monteagudo reported the attack to Comes, who responded by telling Monteagudo to refrain from reporting it to anyone else. A few days later, Jerome Nasso (another supervisor on the new job site) fired Monteagudo after he found Monteagudo asleep on a machine.

Monteagudo claims that he was subjected to harassment (by Comes and Alejandro Leon) and terminated (by Nasso) in retaliation for complaining about Noel Leon. The district court granted summary judgment to the De Moya Group. As to the retaliatory harassment theory, the district court said that Comes's and Alejandro Leon's actions toward Monteagudo were not sufficiently adverse. The retaliatory termination claim failed because the

Case 1:22-cv-22343-KMM   Document 138   Entered on FLSD Docket 09/13/2024   Page 7 of 15
USCA11 Case: 23-13157   Document: 39-1   Date Filed: 07/08/2024   Page: 4 of 10

4                    Opinion of the Court                    23-13157

record was insufficient to create a genuine dispute of fact that Nasso's stated reason for the termination—Monteagudo sleeping on the job—was a lie to cover up retaliation. Monteagudo timely appealed.

## II.

We review the district court's decision to grant summary judgment de novo. *Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008). We view the facts in the light most favorable to Monteagudo and draw all reasonable inferences in his favor. *Id.*

## III.

Federal and Florida law both prohibit employers from retaliating against an employee in response to that employee's decision to "oppose" unlawful discrimination. 42 U.S.C. § 2000e-3(a); *see* Fla. Stat. § 760.10(7). The substantive standards for the federal and state law claims are the same. *Harris v. Pub. Health & Tr. of Miami-Dade Cnty.*, 82 F.4th 1296, 1300 n.2 (11th Cir. 2023). So our analysis here applies to Monteagudo's claims under both statutes.

Monteagudo does not rely on direct evidence of retaliation. He therefore must navigate the McDonell Douglas burden-shifting framework. *Johnson v. Miami-Dade County*, 948 F.3d 1318, 1325 (11th Cir. 2020); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Monteagudo must first make out a prima facie case. To do so, he needs to present evidence from which a reasonable jury could find that (1) he engaged in statutorily protected activity, (2) he suffered an adverse action, and (3) the adverse action was

Case 1:22-cv-22343-KMM   Document 138   Entered on FLSD Docket 09/13/2024   Page 8 of 15
USCA11 Case: 23-13157   Document: 39-1   Date Filed: 07/08/2024   Page: 5 of 10

23-13157                Opinion of the Court                5

causally connected to the protected activity. *Johnson*, 948 F.3d at 1325. If a prima facie case of retaliation is established, then the De Moya Group must articulate a legitimate, non-retaliatory reason for the relevant adverse action. *Id.* If the De Moya Group cannot do so, then summary judgment is inappropriate. *See Lewis v. City of Union City*, 918 F.3d 1213, 1222 (11th Cir. 2019) (en banc) (citing *Tex. Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 254 (1981)). But if the De Moya Group does provide a legitimate explanation for the relevant adverse action, the burden shifts back to Monteagudo, who must establish a genuine dispute as to whether the De Moya Group's explanation is pretext for retaliation. *Johnson*, 948 F.3d at 1325.

Monteagudo has established the protected-activity component of the prima facie case. He testified that he went to Chris De Moya and reported Noel Leon for discriminating against him based on his Cuban nationality. The De Moya Group contests that any such complaint was ever made, but on summary judgment, we must read the record in Monteagudo's favor. In this instance, that means adopting his version of the story. *See Copeland v. Ga. Dep't of Corr.*, 97 F.4th 766, 779 (11th Cir. 2024). And complaining to an employer about a supervisor's national origin-based harassment is protected activity under Title VII. *See Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 1997).

Monteagudo has posited two different adverse actions: (A) retaliatory harassment by Comes and Alejandro Leon; and (B) retaliatory termination by Nasso. These two theories of liability rely

Case 1:22-cv-22343-KMM   Document 138   Entered on FLSD Docket 09/13/2024   Page 9 of 15
USCA11 Case: 23-13157   Document: 39-1   Date Filed: 07/08/2024   Page: 6 of 10

6                     Opinion of the Court                   23-13157

on different facts and implicate unique legal principles, so we separately assess the remaining steps of *McDonnell Douglas* with respect to each.

A.

The district court concluded that Comes's and Alejandro Leon's behavior toward Monteagudo could not form the basis of a Title VII retaliation claim because such behavior did not rise to the level of an "adverse action" for purposes of Title VII. In reaching that conclusion, the district court relied on our adverse action standard for discrimination claims and required proof that the conditions of Monteagudo's employment (e.g., salary or job position) were affected. But the "adverse action" standard is "decidedly more relaxed" in a Title VII retaliation claim. *Crawford*, 529 F.3d at 973.

When a plaintiff alleges that he was subjected to workplace harassment as a form of retaliation, the question is simply whether that harassment "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal quotation marks and citation omitted). That question is almost always one for a jury. *See Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 862–63 (11th Cir. 2020). Only the most "petty and trivial actions against an employee" will be insufficient to generate a genuine dispute of fact. *Crawford*, 529 F.3d at 973 n.13.

Here, taking the facts in the light most favorable to Monteagudo, a reasonable jury could find that two of his supervisors were openly hostile to him and their hostility was related to

Case 1:22-cv-22343-KMM   Document 138   Entered on FLSD Docket 09/13/2024   Page 10 of 15
USCA11 Case: 23-13157    Document: 39-1    Date Filed: 07/08/2024    Page: 7 of 10

23-13157               Opinion of the Court                        7

Monteagudo's reporting Noel Leon to Chris De Moya. Comes told Monteagudo that he was keeping an eye on Monteagudo specifically because he heard bad things about Monteagudo from the previous job site, at which Noel Leon was Monteagudo's supervisor. Alejandro Leon physically assaulted and threatened to make Monteagudo "disappear" "if anything happened to" Noel Leon. And when Monteagudo reported that incident to Comes, Comes dissuaded Monteagudo from reporting it to anyone else. We acknowledge that the De Moya Group strenuously disputes that any of those things happened. But, again, at this stage of the litigation, we must assume all those events occurred. Because a reasonable jury could find that such events would "dissuade[] a reasonable worker from making or supporting a charge of discrimination," Monteagudo established an adverse action for purposes of summary judgment. *Burlington*, 548 U.S. at 68.

The district court also concluded that summary judgment would be appropriate on the causal-connection component of the prima facie case because it was not clear that Comes and Alejandro Leon acted with retaliatory animus. In the district court's view, it could be that Comes and Alejandro Leon desired merely to "protect" Noel Leon. The obvious question, however, is *from what* did they want to protect Noel Leon? On this record, a reasonable jury could find that they acted to protect Noel Leon from Monteagudo's discrimination complaint. Put another way, a reasonable jury could find that they acted with the intent to dissuade Monteagudo from pursuing his discrimination complaint against Noel Leon any further. That is textbook Title VII retaliation.

Case 1:22-cv-22343-KMM Document 138 Entered on FLSD Docket 09/13/2024 Page 11 of 15
USCA11 Case: 23-13157 Document: 39-1 Date Filed: 07/08/2024 Page: 8 of 10

8          Opinion of the Court          23-13157

The De Moya Group contends that Monteagudo did not sufficiently present the retaliatory harassment theory in his opening brief on appeal and that he has therefore forfeited the argument. We disagree. For starters, Monteagudo described his allegations as "receiv[ing] a hostile work environment subsequent to his transfer and, ultimately, termination of his employment." Appellant's Br. at 20 (emphasis added). That description illustrates that Monteagudo considers each theory as an independent Title VII violation. More importantly, Monteagudo dedicated four pages of his opening brief to arguing that the district court misstated the elements of a prima facie case of Title VII retaliation. *Id.* at 15–18. Although not explicit, that portion of brief challenges the district court's ruling on the retaliatory harassment theory of liability. Monteagudo's argument in that section of the brief would be irrelevant if Monteagudo had appealed only the district court's retaliatory termination ruling because the district court assumed that Monteagudo's retaliatory termination theory stated a prima facie case.

The De Moya Group never articulated a legitimate business explanation for Comes's and Alejandro Leon's conduct, which it asserts never occurred. Accordingly, Monteagudo's success in establishing a prima facie case is sufficient to overcome summary judgment for the retaliatory harassment theory of liability. *See Lewis*, 918 F.3d at 1222 (citing *Burdine*, 450 U.S. at 254).

### B.

As for the retaliatory termination theory of liability, the district court correctly granted summary judgment to the De Moya

Case 1:22-cv-22343-KMM   Document 138   Entered on FLSD Docket 09/13/2024   Page 12 of 15
USCA11 Case: 23-13157   Document: 39-1   Date Filed: 07/08/2024   Page: 9 of 10

23-13157               Opinion of the Court                    9

Group. As noted, the district court assumed that Monteagudo made out a prima facie case and resolved the claim on pretext, but we are not bound by that assumption. *See LeCroy v. United States*, 739 F.3d 1297, 1312 (11th Cir. 2014) ("We may affirm on any ground supported by the record."). Although there is no doubt that termination is a sufficiently adverse action, Monteagudo has presented no non-conclusory, non-speculative evidence that Nasso's decision to fire him was at all related to Monteagudo's complaint against Noel Leon. There is no competent evidence that Nasso even knew about Monteagudo's complaint about Noel Leon. And even if he did know, there isn't evidence that allows for the conclusion that Nasso would be inclined to retaliate against Monteagudo—unlike Comes and Alejandro Leon, who voiced their displeasure with Monteagudo's decision to report Noel Leon. Accordingly, we conclude that Monteagudo failed to establish a genuine dispute of fact as to the causal-connection component of the prima facie case.

For the same reasons, Monteagudo also failed to establish pretext. The De Moya Group articulated a legitimate, non-retaliatory reason for Nasso's decision to fire Monteagudo: Nasso discovered Monteagudo sleeping on the job while he was supposed to be operating machinery. Because no evidence suggests retaliatory animus on the part of Nasso, there is likewise no evidence that Nasso's stated reason was pretext for unlawful retaliation.

We note that Monteagudo contested the admissibility of one of the two depositions for which he sat. He contends that the

district court erroneously relied on that deposition in granting summary judgment to the De Moya Group. The outcome of that evidentiary dispute would not affect our disposition of this appeal—the retaliatory harassment claim would still proceed, and the retaliatory termination claim would still fail—so we need not resolve it.

### IV.

Monteagudo has not established a sufficient case of retaliatory discharge, but his retaliatory harassment theory survives summary judgment. We **AFFIRM in part**, **REVERSE in part**, and **REMAND** for proceedings consistent with this opinion.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 08, 2024

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-13157-HH
Case Style: Jorge Alburquerque v. The De Moya Group, Inc.
District Court Docket No: 1:22-cv-22343-KMM

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing is timely only if received in the clerk's office within the time specified in the rules. **A petition for rehearing must include a Certificate of Interested Persons and a copy of the opinion sought to be reheard.** See 11th Cir. R. 35-5(k) and 40-1.

Costs
Each party to bear its own costs.

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion