UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 22-cv-22343

JORGE MONTEAGUDO ALBURQUERQUE

    Plaintiff,
v.

THE DE MOYA GROUP, INC.,
a Florida Profit Corporation,

    Defendant.
_____/

<b><u>JOINT STATUS REPORT</u></b>

Pursuant to this Court's Paperless Order Requiring Status Report issued on September 26, 2024 (ECF. No. 139), Plaintiff, Jorge Monteagudo Alburquerque ("Monteagudo"), and Defendant, The De Moya Group, Inc. ("De Moya"), through their undersigned counsel, hereby submit their Joint Status Report setting forth proposed further proceedings for the Court to take in this case.

### A. <u>Proposed Course of Proceedings for this Case</u>

Monteagudo filed this lawsuit alleging De Moya retaliated against him in violation of the Civil Rights Act, 42 U.S.C. §§ 2000e et seq. ("Title VII") and the Florida Civil Rights Act ("FCRA"). *See generally* Amended Complaint (ECF No. 13). On May 16, 2023, this Court granted summary judgment in favor of De Moya and closed this matter. (ECF No. 87). Subsequently, Monteagudo filed a Motion to Alter Judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure ("Motion for Reconsideration"), which this Court denied. *See* (ECF No. 100). After this Court granted summary judgment in favor of De Moya and denied the Motion for Reconsideration, Monteagudo appealed. (ECF No. 113). On September 13, 2024, the Eleventh Circuit issued its Mandate partially reversing summary judgment. (ECF No. 138). Therein, the Eleventh Circuit held that "Monteagudo has not established a sufficient case of retaliatory discharge, but his retaliatory

1

harassment theory survives summary judgment." *Id.* at 10. Accordingly, this Court's summary judgment order was "affirm[ed] in part, revers[ed] in part, and remand[ed] for further proceedings consistent with [the Eleventh Circuit's] opinion." *Id*. Subsequently, De Moya filed a Petition for Rehearing En Banc, which the Eleventh Circuit Court denied. The Parties are currently engaged in settlement negotiations but as of the date of this report, have been unable to come to an agreement.

In its analysis of Monteagudo's "retaliatory harassment" theory, the Eleventh Circuit found that this Court's determination that the De Moya supervisors' behavior toward Monteagudo did not rise to the level of an adverse action relied on the "adverse action standard ***for discrimination claims***" rather than the standard used for a Title VII ***retaliation claim***. *See* (ECF No. 138) at 6 (citing *Crawford v. Carroll*, 529 F.3d 961, 964 (11th Cir. 2008)). De Moya contends that the Eleventh Circuit did not consider De Moya's arguments indicating that this Court was well within its authority to deem De Moya's material facts as undisputed due to Monteagudo's repeated failure to submit a compliant statement of material facts. Monteagudo maintains that De Moya's arguments were considered and rejected by the Eleventh Circuit in its Mandate and also when the Court denied De Moya's Petition for Rehearing.

De Moya proposes that the Court set a schedule for the filing of dispositive and pre-trial motions in accordance with the Eleventh Circuit's Mandate addressing Plaintiff's "retaliatory harassment theory" raised on appeal under the standard for Title VII retaliation claims set forth under *Crawford* and its progeny. *See* 529 F.3d at 964. Also, depending on the disposition of the case, De Moya intends on renewing its motions to tax costs and/or for attorneys' fees.

Plaintiff disagrees with De Moya's filing of dispositive motions and contends that De Moya cannot attempt to raise arguments or present evidence that could have been raised in its original

2

Motion for Summary Judgment. The disfavored status of repeat motions for summary judgment, absent special circumstances, remains the law of this Circuit. *See Fernandez v. Bankers National Life Insurance Co.*, 906 F.2d 559, 569 (11th Cir. 1990). Plaintiff argues that while the Eleventh Circuit acknowledged that De Moya disputes the events underlying the retaliatory harassment theory occurred, "[b]ecause a reasonable jury could find that such events would 'dissuade[] a reasonable worker from making or supporting a charge of discrimination,' Monteagudo established an adverse action for purposes of summary judgment." (ECF No. 138 at 9-10). Therefore, Plaintiff proposes that the Court set a schedule for trial taking into consideration the parties' proposed Joint Scheduling Report which shall be filed on or before October 17, 2024. *See* (ECF No. 139).

De Moya maintains that the issue of whether a party may file dispositive motions upon remand is not properly brought nor addressed through a Joint Status Report, and any substantive arguments opposing De Moya's dispositive motions should be raised in Monteagudo's responsive filings.

Dated: October 15, 2024                                                Respectfully submitted,

/s/ *Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Juan J. Perez, Esq.
Fla. Bar No. 115784
**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive, Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200
nathaly@peregonza.com
juan@peregonza.com
*Counsel for Plaintiff, Jorge Monteagudo Alburquerque*

/s/ *Chanelle Artiles*
Reginald J. Clyne, Esq.
Florida Bar No.: 654301
Chanelle Artiles, Esq.
Florida Bar No.: 1006402
Andres F. Vidales, Esq.
Florida Bar No.: 1041185
**Quintairos, Prieto, Wood & Boyer, PA**
9300 S. Dadeland Blvd., 4th Floor
Miami, FL 33156
Tel: (305) 670-1101
Fax: (305) 670-1161
reginald.clyne@qpwblaw.com
chanelle.artiles@qpwblaw.com
andres.vidales@qpwblaw.com
*Counsel for Defendant, The De Moya Group Inc.*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on October 15, 2024, a true and correct copy of the foregoing was filed with the Clerk of Court via CM/ECF, which will send notice of electronic filing to attorneys for the Plaintiff, Nathaly Saavedra, nathaly@peregonza.com, Juan J. Perez, juan@peregonza.com, Peregonza The Attorneys, PLLC, and all other parties registered to receive service in this case.

/s/ *Chanelle Artiles*